MAGER, Chief Judge,
dissenting:
Petitioner-defendant seeks to review by certiorari an order denying petitioner’s motion to dismiss Count II of respondent-plaintiff’s complaint.
A review of the appellate record reflects that the order sought to be reviewed constitutes a departure from the essential requirements of law which will cause material injury to the petitioner throughout the remainder of the proceedings below for which a remedy by appeal would be inadequate. Allstate Ins. Co. v. Gibbs, 340 So.2d 1202 (Fla. 4th DCA 1976).
Count II of the plaintiff’s complaint seeks punitive damages as a result of defendant’s alleged wrongful attempt to cancel certain policies of insurance. In Allstate we held:
“Additionally, with respect to the claim for punitive damages, it is clear from the *631 face of the pleadings and from a reading of the applicable decisions that respondent has failed to demonstrate, as is required, the existence of a willful and independent tort separate and distinct from the breach of contract, (citations omitted) An insuror’s bad faith refusal to settle a claim of its insured is not per se a willful and independent tort giving rise to a claim for damages (citations omitted).” (340 So.2d at 1204).
Although there is language in Allstate which may be susceptible to the interpretation that the grant of certiorari was based solely upon an issue involving the work product doctrine, such was not the intended effect. What should have been said there and what is unequivoeably and unmistakenly stated here is the proposition that certio-rari may lie to review an order denying a motion to dismiss a punitive damage count where such order is determined to constitute “a departure from the essential requirements of law which will cause material injury to the petitioner throughout the remainder of the proceedings below for which a remedy by appeal would be inadequate.” Allstate, supra.
It would seem that there is a material injury to the petitioner if he is required to defend against a measure of damages which, as a matter of law, has been held not ' to be recoverable. Any evidence introduced in connection with the punitive damages count could have the potential effect of tainting any judgment rendered for compensatory damages only — it would seem difficult, if not impossible, for a defendant to demonstrate reversible error (on the inclusion of the punitive damages count) where compensatory damages only were awarded.
Stated rhetorically, if the punitive damages count is not proper, shouldn’t it be eliminated at the outset of the proceedings, and, if not, shouldn’t the failure to do so be reviewable by certiorari? Perhaps we might thereby obviate the necessity of an appeal or an appellate issue.
Accordingly, I would grant certiorari.