74 So.2d 95 (1954)
LA GORCE COUNTRY CLUB
v.
CERAMI.
Supreme Court of Florida. En Banc.
July 27, 1954.
*96 Choate & Sinclair, Miami, and Copeland, Therrel & Baisden, Miami Beach, for appellant.
E.F.P. Brigham, Miami, and Phillip Goldman, Miami, for appellee.
HOBSON, Justice.
When appellee, Armand Cerami, was expelled from his "founder membership" in the appellant La Gorce Country Club, he was given no opportunity to be heard. The by-laws of the club contained no express provision for a hearing before a member was expelled, but vested full discretion in the club's Board of Governors to request the resignation of any member "for such sufficient cause as may be decided and determined by the two-thirds of said members of the Board of Governors present" at a legal meeting. Upon failure to resign after such request, the by-laws continued, the member concerned "shall be expelled from the club". Cerami was requested to resign and was later notified that his membership had been terminated, whereupon he petitioned for mandamus to compel reinstatement in the respondent club and was successful below.
In order to understand the scope of this case, we must first examine and eliminate the issues which are not here involved, because much of the controversy before the trial court stemmed from attempts on the part of the respondent club, contested at every step by petitioner, to broaden the issues which the latter sought to have adjudicated.
Cerami does not seek a "formal trial" or a "formal hearing." He acknowledges that he does not expect the court to substitute its judgment for that of the tribunal of the club, or to attempt to control the discretion of the club's Board of Governors. The club, as respondent below, repeatedly sought to introduce its view of the merits of the controversy, but the trial court properly decided at every juncture that it was not concerned with the merits, which were and are within the exclusive jurisdiction of respondent's governing body, but that the only issue to be determined was the validity of petitioner's contention that he was entitled to some sort of notice and hearing as a matter of law, and respondent's denial that petitioner was so entitled. It is clear that the peremptory writ, which commands reinstatement, is in no way prejudicial to the position of the club with respect to matters existing at the time of expulsion. It adjudicates only a matter of procedure. As we view the case, the basic issue now before us is whether the trial court correctly decided that under the circumstances notice and an opportunity to be heard should have been accorded the petitioner-appellee at some time before he was expelled from the club.
The precise question thus presented is one of first impression in this jurisdiction, and in our examination of the case law on the subject we are much assisted not only by the briefs but also by a very recent and comprehensive annotation on the subject reported at 20 A.L.R.2d 344 et seq., where numerous cases from all jurisdictions are collected and analyzed. From the authorities before us, it appears to be the majority, and we think the better-reasoned, view, that if expulsion of a club member is accomplished without notice and hearing, the denial of these minimum procedural safeguards is violative of the "principles of natural justice" and judicial intervention is indicated. Texas is said to be alone among jurisdictions in taking the view that an expelled member can complain only if deprived of some right afforded him by the rules, by-laws or regulations of the club. 20 A.L.R.2d, supra, p. 352.
*97 We may not, however, stop with the above majority rule, which we may call the "common law rule" because it was developed in the absence of statute, nor do we need to examine it in any more detail, since the present case is controlled by the statute under which the appellant club was incorporated, namely F.S. § 617.10, F.S.A., which has never before been construed by this court in a similar case, and which reads in pertinent part as follows:
"617.10 Incorporation of social clubs or societies
"Social clubs or societies not for profit may be incorporated under this chapter; provided, however, that any such club or society may, in its by-laws:

"(1) Delegate to its board of directors full discretionary power of admitting or expelling members;
"(2) Prescribe that an incorporator or member shall not have any vested right, interest or privilege of, in or to the assets, functions, affairs or franchises of the corporation, or any right, interest or privilege which may be transferable or inheritable, or which shall continue after his membership ceases, or while he is not in good standing; provided, that before his membership shall cease against his consent he shall be given an opportunity to be heard, unless he is absent from the county where the corporation is located; * * *." (Italics added.)
Counsel for both parties assert that the language of this statute is clear, but the meanings contended for are, of course, opposite. The issue thus created concerns the applicability of the proviso in subsection (2) to the pronouncement of subsection (1). Appellant contends that subsection (1) controls the case, and subsection (2) in its entirety, proviso and all, is inapplicable here because it is meant to apply only to those cases where the club by-laws prescribe that a member shall not have any property right, which is allegedly not true in the present case. Appellee would have us hold that the proviso applies to subsection (1) as well as (2).
We can accept neither contention as made. The two subsections must be construed in pari materia, and effect must be given to both of them. They are not intended to be mutually exclusive in any sense, but it is not merely a question of applying the proviso of subsection (2) to the matter of subsection (1) without at the same time giving effect to all of subsection (2). Subsection (1) authorizes a club to delegate to its governing body a substantive right (which is not in question here, as we have seen) to admit or expel members, but it does not prescribe the manner in which this right is to be exercised. The right to a hearing conferred by the proviso of subsection (2), on the other hand, is a matter of adjective law, and may in a limited sense be analogized to procedural due process, although it is intended to be available only under the added conditions imposed by the language of subsection (2) both preceding and following the proviso contained therein. Since Cerami was within the county when expelled, the condition stated in the language following the proviso was satisfied, and it is therefore the language preceding the proviso which must be examined in conjunction with the by-laws of the appellant club to determine whether or not the conditions under which the right to be heard is intended to operate are fulfilled.
A mere scanning of this critical language will demonstrate its comprehensive character, since the reader cannot fail to be impressed by the presence of so many disjunctives. Can we say, with due regard for the language we have italicized, that the legislature intended to restrict the right to a hearing to those cases where the by-laws prescribe "that a member shall not have any property right"? We might so conclude if the legislature had rested from its labors after the words "shall not have any vested right, interest or privilege of, in or to the assets * * * or franchises of the corporation," but it did not. *98 The words "functions" and "affairs" and the phrase "any right, interest or privilege" are too broad and sweeping to apply to property only, and the phrase "which shall continue after his membership ceases" is too clear to be misinterpreted. In sum, under our statute if the by-laws of a club require that "any right, interest or privilege" shall cease with membership, the proviso is applicable and an opportunity to be heard shall be accorded a member before expulsion. If there were any room for a contrary interpretation, and it is obvious that there is not, such interpretation would be in derogation of the common law. This is not to suggest that the influence of the common law is necessary to the result we reach, which is dictated by emphatic statutory language, but it is worth observing that our statute tends to codify or perhaps to extend the common law rule rather than to oppose it. It is evident that the legislature intended jealously to guard the right of a member to a hearing before termination of his membership over his protest, because the proviso of subsection (2) cannot fail to come into play under any ordinary set of club by-laws.
Examination of the by-laws of the La Gorce Country Club shows that even if the language discussed above had been of less comprehensive character, and had in fact restricted the operation of the proviso to cases where the by-laws terminated only property rights with membership, the proviso would still function here. The property interest of a member in the club is evidenced by a certificate of membership. Article XI, Section 2(b) of the club by-laws reads as follows:
"b. Upon expulsion or forced resignation, the certificate of membership shall be surrendered to the Club and sold in accordance with the provisions of these By-Laws. The Board of Governors shall set the date when the member ceases to be a member. The proceeds of sale, less any outstanding accounts, dues or other liabilities of the member to the Club, together with a prorated unearned portion of the dues paid in advance by such member, shall be refunded to the member. Should the certificate not be surrendered, the certificate will be repossessed in accordance with law (Florida Statutes)".
It is clear that in this section of its by-laws the club has prescribed that a member shall not have "an interest", i.e., the interest in the club property which his membership certificate represents, "which shall continue after his membership ceases". This is true even though the by-laws also prescribe that the expelled member be paid a cash equivalent, because although he might not have lost money in the process, he no longer has "an interest" in the club. It is unnecessary to pursue the examination of the by-laws farther, since it is evident that they make operative the proviso of subsection (2) of F.S. § 617.10, F.S.A., and entitle a member to a hearing before expulsion. We hold that the trial court was correct in determining that Cerami was entitled to an opportunity to be heard, and in order to give the hearing any value, Cerami should have been given notice of the charges against him. This procedure need not have been formal, or in any way ponderous, but it was indispensable as a matter of law.
Appellant contends that appellee's petition was defective for failure to allege a demand for hearing. The record is innocent of any suggestion that this point was presented to the trial court. Although a motion to quash the alternative writ was made and denied, the grounds stated in support of the motion were general. Had the particular ground been stated and urged thus early in the proceedings, leave to amend should have been freely granted under our liberal practice, State ex rel. Burr v. Seaboard Air Line Ry. Co., 89 Fla. 419, 104 So. 602, 603, 39 A.L.R. 1362, but by that time, with due regard to the facts alleged, it was obvious that a continuing demand was being made by the petitioner and vigorously resisted by the respondent. The defect, if indeed it was one, could not have gone to the substance of the case. Our statute, as we have *99 seen, places a duty upon the club to afford the member an opportunity to be heard, of which he may or may not avail himself, and imposes no requirement that the member demand a hearing. See Loubat v. LeRoy, 40 Hun., N.Y., 546, 552. Cerami's action was promptly brought, and the allegations of his petition, which were sufficient under the statute, gave the club full notice of his position. It is elementary that we will not disturb the ruling of the trial court in mandamus proceedings unless error clearly appears, City of Miami v. Huttoe, Fla., 38 So.2d 819, and appellant has failed to sustain his burden upon this aspect of the case.
Appellant seeks review of various rulings made by the trial court in connection with discovery proceedings. Most of these rulings had to do with relevancy to the case and, as we have elsewhere observed, the view taken by the trial court was proper. While conceding that a court will not generally inquire into the sufficiency of causes for expulsion, appellant argues that the court should not do a "vain and useless thing" and that it was error to declare the merits of the controversy between the parties irrelevant, because if the charges were established in court by admission or proof it would be futile to require the club to grant a hearing, which would be nothing more than a formal prerequisite to re-expulsion. To accept this ingenious argument would result in usurpation of the prerogatives which the club, under its by-laws and in accord with statute, has delegated to its own governing body. And since this body is the final arbiter of the sufficiency of causes for expulsion, we cannot presume, under any circumstances which we are able to foresee at this moment, that a hearing before it would be "vain and useless."
Other points are raised, but we find them without merit.
There is no error. The judgment from which this appeal is prosecuted is affirmed.
TERRELL, THOMAS, SEBRING and DREW, JJ., concur.
ROBERTS, C.J., and MATHEWS, J., dissent.
ROBERTS, Chief Justice (dissenting).
The appellee was expelled by the appellant Club and sought in mandamus proceedings instituted by him in the court below to compel his reinstatement in the Club. The sole basis of his suit is that he was not given a hearing by the Club prior to his expulsion, which he contends is contrary to the provision of Section 617.10, Florida Statutes 1953 (under which appellant was incorporated), F.S.A. that "before his membership shall cease against his consent he shall be given an opportunity to be heard * * *."
The letter from the Club to the appellee, dated June 23, 1953, notifying him that his expulsion was imminent, was in the following terms (omitting the merely formal parts of the letter):
"The Board of Governors of La Gorce Country Club, at a legal meeting thereof, and acting under the authority of its By-Laws, have instructed me to ask for your resignation from the Club effective July 1, 1953.
"It is my further duty to inform you that in accordance with the By-Laws you will be refunded $1,000.00 for your Certificate, less any indebtedness and dues owed to the Club.
"You are further advised that in case your endorsed Certificate is not forthcoming by the effective date of resignation, you are expelled from the Club as of that date."
Nowhere in the record does it appear that the check in the amount of $1,494.46, which was tendered to appellee on July 1 in the letter announcing the termination of his membership in the Club, was unsatisfactory. The appellee at no time has denied that the computation of the financial *100 value of his membership in the Club was correct and has made no issue of such. We must, therefore, assume that it was satisfactory to the appellee.
The only contention made by appellee is, as noted above, that he was not given a hearing before his membership was terminated; that his expulsion was, therefore, void, so that he is entitled to be reinstated in his membership forthwith.
But in his petition for the Alternative Writ, the appellee did not allege, nor is there anything in the record to show, that in the period intervening between June 23 and July 1, or at any time thereafter, the appellee made an effort to repair his relations with the Club or requested the hearing which he contends is his right under the statute, Section 617.10, quoted supra.
It is the rule in this jurisdiction, as in many others, that where a person is seeking the writ of mandamus to enforce a duty of a purely private nature and affecting only the right of the party aggrieved, a demand and a refusal are necessary. In such cases, "[t]he demand is held necessary as it is due to the defendant that he should have the option of either doing or refusing to do what is required of him before application is made to the court to compel him." State ex rel. Citizens' Gas Light Company v. Mayor and Aldermen of the City of Jacksonville, 22 Fla. 21. The allegation that a proper demand for performance has been made and refused is essential as a basis for the issuance of the Writ. Crandall, "A Treatise on the Practice in Actions at Law in the Circuit Courts and Supreme Court of Florida," citing many Florida cases. See also Moseley v. Collins, 133 Ala. 326, 32 So. 131; Women's Catholic Order of Foresters v. Condon, 84 Ill. App. 564.
If the appellant had a right to be heard before the Club terminated his membership, as he now contends, he should have demanded a hearing; and since the record does not show that he did so, he is not now in a position to claim that the Club acted wrongfully in expelling him without a hearing. In this connection, it might be noted, parenthetically, that there might be numerous instances where a club member who is threatened with expulsion would prefer not to have the charges against him aired  especially if the by-laws provided for an open hearing; and, for his own protection, no such hearing should be held except at his own request.
Since, in my opinion, the Alternative Writ should have been quashed upon the motion of the appellant, it is not necessary to decide whether the statute requires a hearing before expulsion of a member from the social privileges of the Club  there being no question here, as noted above, of the correctness of the amount tendered to appellant in satisfaction of any monetary interest.
I would reverse the order granting the peremptory writ, quash the alternative writ, and dismiss the appellant's suit.
MATHEWS, J., concurs.