HOBSON, Justice.
Appellee, at the time he was laid off from his job by appellants, had five years of service with the city of Miami and had attained permanent civil service status. Section 295.07, Florida Statutes 1947, F.S.A., provides that “preference shall be given to” certain veterans in retention in position by all municipalities in Florida; Appellee is a veteran within the purview of said statute, and contends that he was not given the preference mandatorily required thereby. Appellants, on the other hand, assert that appellee was given a preference.
Although F.S. § 295.07, F.S.A., was in full force and effect when appellee was laid off, ten other employees in his department were retained, although seven of them were non-veterans. The preference allegedly given appellee in determining who was to be laid off appears to have been based solely on the “lay-off score” comprised of the last “efficiency rating” a percentile figure of which one hundred would be the max *149 imum, to which one point and a fraction was added for each year and part of each year of service. Under this method of determining who should be laid off, if a tie in lay-off scores existed it would be broken in favor of the employee with the longest employment with the city of Miami to a day, and if such tie should still remain unresolved, it would be broken in favor of the employee with the highest service rating average throughout his employment with the city.
Appellants alleged in their answer that on February 10, 19SS, which was seven months after appellee’s lay-off, and administrative interpretation was adopted as follows : “ * * * they take into consideration veterans’ status of employees to be laid off only when the lay-off score of two or more employees is identical, in which case they do place the veteran ahead of other employees with like scores who have no veterans’ status.”
It was agreed by the parties that the question before the circuit judge was whether this practice was a compliance with F.S. Section 295.07, F.S.A. and the Civil Service Rule (which is a verbatim copy of the statute) or whether this practice in fact was only a gesture which gave no real preference as contemplated by the statute and the Civil Service Rule.
In his petition for writ of mandamus, appellee charged that the lay-off order directed to him was illegal in that a preference, directed mandatorily by F.S. Section 295.07, F.S.A., was not accorded to him, and he prayed for a writ commanding a rescission of the alleged illegal lay-off order and further commanding the payment of lost wages.
As has been stated, appellee contends that the lay-off order, dated May 18, 1954, was illegal in that he had been given no preference although he is an ex-serviceman. The trial court agreed with this contention and issued a peremptory writ of mandamus directing Woody Kepner, as Director of the Department of Publicity of the city of Miami, “forthwith to rescind and cancel that certain lay-off order, dated May 18, 1954, insofar as it affects petitioner * *
The circuit judge further ordered the said Kepner, Joe A. Yates, Jr., as Chairman of the Civil Service Board of the city of Miami, and E. A. Evans, as City Manager of said municipality, “forthwith to do any and all things and to take any and all action which shall be necessary to effect the reinstatement of petitioner to his position as Custodial Worker I * * * and to pay to the petitioner, the sum of Three Thousand Eight Hundred Three Dollars and Fifty-two cents ($3,803.52) minus Five Hundred Eleven Dollars and Eighty cents ($511.80) representing the sum earned by the petitioner during period that petitioner was laid off by the respondents * * * ”
The question before this court is whether appellee was shown any preference whatsoever as required by F.S. Section 295.07, F.S.A.
It is clear that appellee sought as his first step a peremptory writ of mandamus directing that the lay-off order of May 18, 1954, be rescinded. The subsequent commands of this writ in our opinion were properly placed therein to give force and effect to the original command of the writ directing the rescission and cancellation of the said lay-off order.
Appellant contends that the trial court, by mandamus, sought to control the discretion of the Civil Service Board in ordering the reinstatement of the appellee. In La Gorce Country Club v. Cerami, Fla., 74 So.2d 95, the procedural situation was identical with that which now confronts us. Appellee in that case had been expelled from a club without notice or hearing and the trial judge had ordered him reinstated to membership because notice and hearing were required by statute as a prerequisite to expulsion. We affirmed the judgment below with the observation that the peremp *150 tory writ, commanding reinstatement, was in no way prejudicial to the position of the club on the merits of the controversy, i.e., the peremptory writ commanded reinstatement only because the mandatory requirements of the statute had not been observed. In the case before us it appears that the situation is the same and that the appellee should be reinstated at least unless and until the Civil Service Board can show that some preference was accorded to him which would comply with the requirement of the statute. We do not anticipate that this requirement is satisfied by the vague formula previously set forth herein, if only because this formula does not appear to apply to the appellee, and produces the result that no preference whatever is accorded to him.
As in La Gorce Country Club v. Cerami, supra, 74 So.2d 95, we do not mean to say that appellants do not have the right under the statute to promulgate a formula which in fact gives a preference to the ex-serviceman in the matter of being laid off as a city employee, but only that the showing made by the appellants in this case falls short of meeting the requirements of the statute. We are of the view that the learned circuit judge was eminently correct when he directed that the illegal order be rescinded, and that it was entirely proper to make the order effective by directing the appellee be reinstated and paid his back salary.
Affirmed.
ROBERTS, THORNAL and O’CON-NELL, JJ., concur.
TERRELL, C. J., and THOMAS and DREW, JJ., dissent.