PER CURIAM.
Appellant contends the trial court erred in dismissing his complaint for failure to state a cause of action. We agree.
Appellant filed a complaint seeking damages and an injunction against what he claimed was the wrongful termination of his membership in appellee’s country club.[1] He alleged that upon payment of a fee he was accepted as a member of the club and that he had conducted himself in accordance with all of its rules and regulations. He further alleged that the club had terminated his membership contrary to those rules and regulations and that it failed to provide him with notice and a hearing concerning its proposed expulsion of him. Subsequently, on motion of appellee, the trial court dismissed appellant’s complaint with prejudice. In so doing, the trial judge observed that he did not think that the controversy between appellant and appellee was a proper one for resolution through the judicial process.
While courts have often been wary of entering into disputes between private social clubs and their members, it has long been the rule in Florida that a person has a right to notice and a hearing when a club proposes to cancel his membership. Moreover, the cancellation must comport with the applicable by-laws or regulations of the club. LaGorce Country Club v. Cerami, 74 So.2d 95 (Fla.1954); State ex rel. Barfield v. Florida Yacht Club, 106 So.2d 207 (Fla. 1st DCA 1958). In. view of these rules, we think that appellant’s complaint stated a cause of action. Of course, we do not reach the merits of appellant’s contention.
In view of our decision we need not discuss the other point which appellant has raised. We vacate the trial court’s order dismissing appellant’s complaint and remand the case for further proceedings consistent with this opinion.
GRIMES, C. J., and SCHEB and RYDER, JJ., concur.

. Appellee, East Lake Woodlands, LTD is a Florida Limited Partnership. It owns and operates the East Lake Woodlands Golf and Country Club.