380 So.2d 514 (1980)
EQUIFAX CORPORATION, Colonial Life and Accident Insurance Co., and the Commercial Union Assurance Companies, Petitioners,
v.
The Honorable Richard H. COOPER, Circuit Court, Ninth Judicial Circuit and Mildred O. Hyman, Respondents.
No. 78-2667/NT4-71.
District Court of Appeal of Florida, Fifth District.
February 27, 1980.
*515 William D. Palmer and J. Gary Walker of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for petitioners.
Richard W. Bates of Richard W. Bates, P.A., Orlando, and Jesse F. Sparks, Orlando, for respondent, Mildred O. Hyman.
HERSEY, GEORGE W., Associate Judge.
This matter was commenced by the filing of an "Emergency Petition for Writ of Prohibition, or, in the alternative, Emergency Petition for Certiorari and Stay in Relation Thereto."
By Order of this Court, dated December 15, 1978:
(1) respondent was commanded to show cause why the petition for writ of certiorari should not be granted;
(2) a stay of the order of the trial court was granted pending disposition of the petition for writ of certiorari; and
(3) the petition for writ of prohibition was denied. We now grant the petition for certiorari.
We are asked by petitioners to reverse an order of the trial court requiring the production of films and reports and related documents. These materials resulted from investigations of the plaintiff, respondent here, and were made by an agency engaged in that business. The record is clear and counsel for the defendants stated that the investigations were not made by or at the request of any defendant or any other party to this litigation. Thus, the literal language of Rule 1.280(b)(2), Florida Rules of Civil Procedure, the work product rule, excludes the application of that limited privilege here. We are urged by petitioners to go beyond that literal language, however, to adopt a rule that would make the work product limited privilege available where one or more of the parties has an interest in other but related litigation. We feel no compulsion to do so on the record before us.
An agent of the investigatory agency appeared pursuant to a subpoena duces tecum and presented three surveillance films, together with a report concerning the conditions of surveillance. The record indicates that no other materials in the possession or under the control of the agency or its representatives are to be used in the litigation. But more importantly to this determination, nowhere in the record is there any showing that the materials sought are "relevant to the subject matter of the pending action ... [or] . . appear(s) reasonably calculated to lead to the discovery of admissible evidence." Fla. R.Civ.P. 1.280(b)(1). This rule must be satisfied before the work product rule becomes operative. The gratuitous speculation of counsel, contained in a document filed with this Court, as to the "possible" use of such material does not stand as a satisfactory substitute for some evidence of relevancy contained in the record. We reiterate for emphasis the fact that the materials sought were not prepared by or for any party to this action. The fact that the report pertains to plaintiff is not a sufficient connection, *516 standing alone, to support intrusion of the issue into this lawsuit. Any other rule would transform every lawsuit into a fishing expedition, and would seriously impede the orderly and expeditious disposition of litigation.
Accordingly, we grant the writ of certiorari and quash the order under review and remand the cause to the trial court for further proceedings.
DOWNEY, JAMES C. and ANSTEAD, HARRY LEE, Associate Judges, concur.