391 So.2d 262 (1980)
The EVERGLADES PROTECTIVE SYNDICATE, INC., Petitioner,
v.
William Blair MAKINNEY, Respondent.
No. 80-213.
District Court of Appeal of Florida, Fourth District.
November 26, 1980.
Rehearing Denied January 6, 1981.
*263 William M. Hicks of Colson & Hicks, P.A., Miami, for petitioner.
Joseph D. Farish, Jr. of Farish, Farish & Romani, West Palm Beach, for respondent.
HERSEY, Judge.
By petition for writ of certiorari we are asked to review an order of the trial court granting a motion to compel answers to interrogatories.
A threshold question is whether certiorari is an appropriate vehicle for testing the correctness of an order governing discovery procedures. We have previously answered that question affirmatively where the order was a departure from the essential requirements of law for which there would be no adequate remedy by appeal. Schering Corporation v. Thornton, 280 So.2d 493 (Fla.4th DCA 1973). Thus, we have jurisdiction.
William Blair Makinney was expelled from membership in The Everglades Club, a private social club. He filed a petition in the circuit court for a writ of mandamus to compel the club to reinstate his membership. The trial court issued a rule to show cause and the club filed a response. Makinney then served written interrogatories. Some of those interrogatories were answered; others were objected to as immaterial and irrelevant to any issue in the action. A motion to compel answers to the latter class of interrogatories was granted by the trial court, whereupon the club filed the present petition for certiorari.
We are asked to determine whether the order granting the motion to compel answers to interrogatories under the circumstances of this case constituted a departure from the essential requirements of law. If the interrogatories consist of questions relevant to the subject matter involved in the litigation, or if they "appear reasonably calculated to lead to the discovery of admissible evidence," Rule 1.280(b)(1), Florida Rules of Civil Procedure, they are appropriate and the order in question would withstand our scrutiny.
Material sought to be discovered must relate to the issues involved in the *264 litigation in which an attempt to compel is made. Equifax Corporation v. Cooper, 380 So.2d 514 (Fla.5th DCA 1980). In a mandamus proceeding such as the one in the court below, the basic issues to be determined are whether the relator has a right to the performance of some act and whether the respondent has the correlative duty to perform that act. A petition for writ of mandamus that alleges facts demonstrating the co-existence of the right and the duty states a cause of action.
During oral argument an unsuccessful attempt was made to determine from counsel for Makinney the nature of the cause of action (Makinney's right and the club's duty) involved here. This was done not to test the vulnerability of the pleading, which is not before us for review, but to gain an insight into the legal issues sought to be raised. Without such clarification it is difficult to determine whether the interrogatories are relevant to those issues or reasonably calculated to lead to the discovery of evidence relevant and material to those issues. Counsel responded that these matters had been laid to rest in the trial court by disposition of a motion to dismiss. Counsel apparently temporarily lost sight of the fact that we have before us no record of the proceedings below since the matter is here on certiorari rather than on appeal.
Be that as it may, the original petition appears to us to raise three issues. First, it is suggested that notice to Makinney was somehow inadequate or improper. Second, the hearing afforded him was a sham. And third, that Makinney's membership was terminated for reasons other than those stated by the club, but that such other reasons are unknown to Makinney.
As to the first two issues, the notice and hearing afforded Makinney are characterized as a sham and "ineffectual to satisfy the requirements of the letter and the spirit of the statutory and case law of Florida." There is no question that Makinney was given notice and on more than one occasion, as specifically set out in his own pleading. The same may be said of a hearing. Appellant's grievance, apparently, is that the notice and hearing did not afford Makinney due process since he was not given the opportunity to confront and cross-examine those members of the club who complained of his actions.
The petition for writ of mandamus contains the following allegations bearing out this hypothesis:
The Petitioner contends that the notice and hearing provided by the Respondent was nothing more than a sham and was ineffectual to satisfy the requirements of the letter and the spirit of the statutory and case law of Florida. First, the Petitioner was told only that there had been complaints that some of his quests behaved improperly at a party. Despite repeated requests, the Petitioner was never given specifics as to which of his several quests were behaving improperly, what sort of behavior occurred, or which members complained. The Petitioner contends that, in order for the notice and hearing to have meaning, he was entitled to be given notice of the charges against him with sufficient specificity that he could defend against them. See 20 A.L.R.2d 356-358 and the cases cited thereunder.
Second, the Petitioner was not given a fair hearing at which to respond to the charges brought against him. He was merely brought before the Board and asked what he had to say in his behalf. No evidence was presented as to the charges brought against him. No witnesses appeared to substantiate the claims that some of his quests had behaved improperly. The Petitioner did not have an opportunity to face or cross examine his accusers. His requests to have an attorney present were denied. The so-called "hearing" provided by the Respondent amounted to little more than an inquisition.
Reliance on La Gorce Country Club v. Cerami, 74 So.2d 95 (Fla. 1954) as supporting the foregoing argument is misplaced. In that case no notice was given and there was no hearing. The court simply decided that notice and hearing were required in order *265 to comply with due process requirements. It did not, however, mandate a trial and we think properly so. With regard to the hearing, the court held that "This procedure need not have been formal, or in any way ponderous, but it was indispensable as a matter of law." Id. at 98.
The statute, § 617.10(2), requires only that members "be given an opportunity to be heard, ..." before their membership is terminated. The rights afforded by the statute have recently been articulated in Weinberg v. East Lake Woodlands, Ltd., 362 So.2d 375, 376 (Fla.2d DCA 1978).
While courts have often been wary of entering into disputes between private social clubs and their members, it has long been the rule in Florida that a person has a right to notice and a hearing when a club proposes to cancel his membership. Moreover, the cancellation must comport with the applicable by-laws or regulations of the club.
These two issues, then, are whether Makinney was timely notified of a hearing and whether, at a hearing, he was given an opportunity to be heard. We will subsequently consider whether the interrogatories were pertinent to these issues.
The third issue raised by the pleadings questions the reason given for Makinney's expulsion from membership in the club. The specific allegation in the petition reads:
The termination of Petitioner's membership in The Everglades Club was made wilfully, wantonly and in bad faith in that the actual reason for the termination of his membership was other than that alleged which is unknown.
There are no factual allegations upon which the conclusion of the pleader in this regard are based. The allegation is a mere legal conclusion, insufficient to frame an issue for litigation.
Even if there were factual allegations, however, it is difficult to see how a justiciable issue could be made. The governing body of a private, social club "is the final arbiter of the sufficiency of causes for expulsion." La Gorce Country Club v. Cerami, supra at 99. It would appear that almost any reason would be a sufficient cause for expulsion if the governing body so determines. We distinguish here the rights of a member of an organization which is related to earning one's livelihood or professional advancement from the rights of a member of a private, social club. The former has constitutional overtones that the latter does not. Thus, in State ex rel. Barfield v. Florida Yacht Club, 106 So.2d 207, 211 (Fla.1st DCA 1958) the court pointed out:
We agree that the courts should leave to the members of a private social club or to the proper board to which the members have lawfully delegated that power, the right to determine whether the action of a member has been such that, in the opinion of such Board, it would interfere with the pleasant, friendly and congenial social relationship between the members. In the absence of a clear allegation and convincing proof, if the case reaches that stage, of fraud or bad faith, the action of the members or duly delegated board should not be reviewed by the courts.
Further justification for this distinction and a statement of the judicial and social policies involved are set out by the court in that opinion in the following language:
We have, in America, no social castes but, each group has its own pattern of conduct and activity which it approves, and which it finds enjoyable and inoffensive to its members. Actions, conduct or activity which might be inoffensive to one group might be frowned upon by another. If the courts should be called upon to determine the reasonableness of charges for expulsion, then the action and decorum of the members of all clubs would of necessity be measured by the standard of action the particular Court hearing the controversy might himself or themselves find offensive or inoffensive, as the case might be. Courts should, therefore, not be required to look into the inner workings of private social clubs or the reasonableness of the charges upon which expulsion may be based. Id. at 211.
*266 Neither due process nor concepts of fundamental fairness compel the conclusion that an individual is entitled to the association of one or more other individuals against his or their will. A private, social club or any other voluntary group of individuals has the right to select its own members. Membership in this context is not a constitutional right. It is a bare privilege, terminable at the will of either the group or the individual. On the foregoing basis we conclude that the third issue attempted to be raised by the original petition is illusory and therefore is not pertinent here.
The objectionable interrogatories are the following:
2. State the exact date, time and place where the alleged incident occurred which resulted in the eventual expulsion of the Petitioner from The Everglades Club.
3. Please list the names and addresses of all persons who, either as members or as quests, were present or have any knowledge of the alleged incident which resulted in the expulsion of the Petitioner from The Everglades Club.
4. Please state the names and addresses of all persons who complained about the behavior or appearance of the Petitioner or his guests at The Everglades Club on the evening of April 17, 1978 or at any other time.
5. Please state the name and address of all persons to whom any complaint regarding the behavior and appearance of the Petitioner or his guests at a dinner party held at The Everglades Club on the evening of April 17, 1978, was made.
10. Please state the name and address of each person whose alleged misbehavior on the night of April 17, 1978, led to the expulsion of the Petitioner from The Everglades Club.
Without exception, these interrogatories pertain to matters having to do with the complaints against Makinney rather than the manner of his expulsion. None are relevant to nor reasonably calculated to lead to the discovery of evidence about the propriety of the notice or the hearing.
Applying the test referred to earlier, we conclude that the objections to the interrogatories in question were well taken.
Accordingly, we grant certiorari and quash the order granting the motion to compel. The trial court is instructed to enter an order denying the motion to compel discovery.
BERANEK and GLICKSTEIN, JJ., concur.