NESBITT, Judge.
Homer was a member of the South Dade Board of Realtors. After a grievance was lodged against him with its board of directors, he was summarily suspended without notice and opportunity to be heard. This action was allegedly in violation of the by-laws of the voluntary association. Subsequently, however, Horner did receive a plenary hearing on the charges which culminated in an order entered on July 3, 1979 suspending his membership for a period of one year.
On April 3, 1980, he commenced the instant action for compensatory and exemplary damages. Ultimately, his second amended complaint was dismissed for failure to state a cause of action.
Horner’s complaint is directed solely to the underlying and preliminary suspension order which allegedly resulted in loss of his earning capacity as a real estate broker through his loss of business and business contracts. The action is based on the alleged failure of the Board to provide notice and a hearing as required by the contract. Horner readily agrees that the final order of July 3, 1979 afforded him a complete panoply of the rights assured to him under the by-laws of the organization. He does not challenge those findings.
A review of the cases in Florida which deal with wrongful expulsion of a member from a voluntary association reveals that Florida has not previously recognized the cause of action presented in this case. We decline to do so now.
In McCune v. Wilson, 237 So.2d 169 (Fla. 1970), our Supreme Court held:
a private organization, particularly if tinged with public stature or purpose, may not expel or discipline a member adversely affecting substantial property, contract or other economic rights, except as a result of fair proceedings which may be provided for in organization by-laws, carried forward in an atmosphere of good faith and fair play.
237 So.2d at 173. In that case, an injunction was issued against continuation by the defendant organization of proceedings against the plaintiff, where there was a failure to give fair and adequate notice and failure to provide a fair and impartial hearing. Where procedural safeguards are not afforded, the courts will intervene. La Gorce Country Club v. Cerami, 74 So.2d 95 (Fla.1954) [mandamus issued for failure to provide an opportunity to be heard].
*494 In Needelman v. Dade County Medical Association, 205 So.2d 17 (Fla.3d DCA), cert. denied, 211 So.2d 211 (Fla.1968), a plaintiff filed for a declaratory judgment that the association wrongfully excluded him from membership for failure to give notice and hearing prior to termination as required by Section 617.10, Florida Statutes (1965). The court directed the defendant association to reinstate the plaintiff’s membership.
In light of these decisions, it is clear that while the Florida courts recognize a remedy for the failure to provide a fair hearing that remedy typically has been an injunction or declaratory judgment.
The Second District Court of Appeal, in Weinberg v. East Lake Woodlands, Ltd., 362 So.2d 375 (Fla.2d DCA 1978), held that a complaint seeking an injunction as well as money damages for the wrongful termination of membership in a country club stated a cause of action. However, Weinberg, supra, is distinguishable because there it was alleged that:
the club had terminated his membership contrary to [the] rules and regulations and that it failed to provide him with notice and a hearing concerning its proposed expulsion of him. [emphasis supplied]
362 So.2d at 376. Unlike Weinberg, supra, the plaintiff’s complaint is based solely on the failure to provide a hearing and notice of the grievance prior to the initial termination. Plaintiff does not allege that the termination was wrongful on any ground other than procedure.
Furthermore, in Weinberg, supra, the plaintiff sought both an injunction, which was the traditional remedy in Florida, as well as money damages. In this case, no injunction was sought and the plaintiff admitted that a fair and impartial hearing was held prior to the institution of this lawsuit. Any procedural defect which might originally have existed was remedied by this hearing. See, Kaufman v. Atlanta Lawn Tennis Association, Inc., 150 Ga.App. 318, 257 S.E.2d 383 (1979). Under these facts, no injury has occurred. The courts are reluctant to intervene in the affairs of private organizations, see, McCune, supra; Grand Lodge, K.P. of Florida v. Taylor, 79 Fla. 441, 84 So. 609 (1920), but have done so to insure that a fair proceeding is held. There being no issue as to that point, there is no reason for this court to intervene. Consequently, we find that, in the absence of a suit for reinstatement, the ancillary claim for damages failed to state a cause of action.
For the foregoing reasons, the order appealed from is affirmed.