PER CURIAM.
Petitioner, who is the plaintiff in the trial court, seeks review of an order which granted respondent’s motions to (1) compel discovery and (2) limit petitioner’s ability to proceed with respondent’s deposition until petitioner was first deposed. Petitioner contends that the answers requested and the materials sought by the discovery are too broad and, further, oppressive. As to the trial judge limiting petitioner’s ability to proceed to depose respondent, petitioner contends the trial judge had no authority to make such a ruling.
Petitioner brought a slander action against respondent and claimed damages to his business reputation and a loss of esteem, reputation and profits.
Although the general nature of the alleged slander and alleged damages here makes for a wide scope of inquiry into petitioner’s past conduct, we find that portions of the inquiry permitted by the court transcend even that broad boundary. We find merit in petitioner’s argument that certain materials in the notice to produce compelled by the order are overbroad and irrelevant. Nowhere in the record is there a showing that the item numbers listed below are “relevant to the subject matter of the pending action ... [or] ... appear(s) reasonably calculated to lead to discovery of admissible evidence.” Fla.R.Civ.P. 1.280(b)(1); Equifax Corp. v. Cooper, 380 So.2d 514 (Fla. 5th DCA 1980).
Accordingly, that portion of the order compelling production of items numbered 8, 14,15,16, 25, 30, 36, 37, 38, 39 and 40 listed in the notice to produce departed from the essential requirements of law.
The trial judge did not abuse the discretion granted to him by Florida Rules of Civil Procedure 1.380(a)(2) and 1.280(c) when he limited petitioner’s ability to proceed in deposing respondent. Because that is so, there was no departure from the essential requirements of law in that respect.
The petition for certiorari is granted in part and the order under review is quashed as to the above specified items. The cause is remanded to the trial court for further proceedings.
OTT, C.J., and DANAHY and CAMPBELL, JJ., concur.