No. 86-05

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

KIRK JOHNSON,

        Plaintiff and Appellant,

  -vs-

GREEN MEADOW COUNTRY CLUB, INC.,
a Montana non-profit corporation,

        Defendant and Respondent.

---

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Picotte Law Firm; Carter Picotte, Clancy, Montana

    For Respondent:

        Skedd, Ashley, McCabe & Weingartner; J. C. Weingartner,
Helena, Montana

---

Submitted on Briefs: May 9, 1986

Decided:  July 31, 1986

Filed:    JUL 31 1986

_Ethel M. Harrison_
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant appeals from a summary judgment granted by the District Court of the First Judicial District finding that he had suffered no property damages and that he was not entitled to punitive damages because of the actions of the board of directors of a country club when it changed his golfing handicap and sent him a letter of reprimand.

We affirm.

Two issues were presented to the District Court: (1) Does appellant have a right to a handicap that cannot be arbitrarily changed; and (2) was appellant damaged or injured by the actions of the board of directors whose actions in this case included sending appellant a letter of reprimand.

As a member of the United States Golf Association (USGA) the Green Meadow Country Club follows the system established by that organization to determine the handicap of its golfers. The board of directors of the country club has designated the club pro as the handicap committee to make the necessary determination of the handicap of each member. Handicaps are determined by previous scores as reported on properly attested score cards submitted to the handicap committee. Under the rules of the USGA handicaps may be established arbitrarily when the members fail to turn in properly attested cards to the committee.

In 1984 appellant had a handicap of five. In the summer of that year the club pro determined that the handicap should be lower. On one occasion appellant had a score of 66. This score was recorded in the handicap computations and was combined with two scores of games not actually played, as

allowed by the USGA. This had the effect of reducing appellant's handicap to zero. The District Court found that a golfer has no right to a specific handicap, but rather, must earn one in accordance with the standards and procedures of the USGA which are used by the Montana Golf Association and the Green Meadow Country Club. We agree with that conclusion.

The evidence shows that appellant did not comply with the rules and turn in properly attested score cards. He left the golf pro with no figures to calculate or certify his handicap. He is not precluded from re-establishing his handicap at any time by turning in the required number of properly attested score cards in accordance with the rules of the USGA. It was his own action, or lack of action, and not any act of the defendant that lost appellant his once established handicap and only he can do the deeds necessary to reinstate it.

The second issue involves the necessity of notice. Green Meadow Country Club by-laws provide that if a member is to be suspended or terminated that person is entitled to notice before any action can be taken by the board of directors. There is no provision for notice of a letter of reprimand. Appellant was never suspended or terminated as a member of the Green Meadow Country Club. He was, and still is, a member of the club with all the rights and privileges of membership. He was sent a letter of reprimand but there is no showing of damages as a result of that letter.

Appellant argues that there are facts in conflict, both material and otherwise and that summary judgment should not have been granted. As he views the main issue, he has a property right in the club that has been damaged by the letter of reprimand, and, further, the board of directors has

no authority to send the letter. He believes that in doing so the directors acted in violation of Mont. Const. Art. II, §§ 3, 7 and 17. In appellant's view the controversy is over due process, not whether he wishes to have, or is entitled to have, any particular golf handicap. The focus on the handicap is a mere sideshow according to appellant. However that may be, there is still no showing of damages.

Judge Honzel found that there is no requirement of notice for a letter of reprimand. Section 10 of the respondent's by-laws require notice when the board of directors is considering suspension or termination of membership which carries with it the loss of equity and privileges in the facilities of the club. The letter does not go that far. The letter addressed to the appellant states:

> The matter involving your handicap, including correspondance has been carefully reviewed by the Board of Directors of Green Meadow Country Club. It is our conclusion that such conduct on your part is prejudicial to the welfare, best interest and reputation of GMCC, as per section 10 of the By Laws.

> You may consider this letter as a reprimand for such conduct. Your continued membership in Green Meadow is contingent upon your ability to follow all rules and refraining from abuse of others including those regulating play.

> In the event you choose not to conduct yourself in the manner set forth above, we will accept your resignation and will refund your membership fee in accordance with the By Laws.

> Your handicap has been withdrawn in accordance with Section 8 of the USGA Golf Handicap System, and the MSGA has been so advised.

We agree with what the Florida Court said when faced with the same question:

> . . . courts should leave to the members of a private social club or to the proper board to which the members have lawfully delegated that power, the right to determine whether the action of a member

has been such that, in the opinion of such Board, it would interfere with the pleasant, friendly, congenial social relationship between members. In the absence of a clear allegation and convincing proof, if the case reaches that stage, of fraud or bad faith, the action of the members or duly delegated board shall not be reviewed by the courts.

Everglades Protective Syndicate v. Makinney (Fla. App. 1980), 391 So. 2d 262, 265, citing State ex rel. Barfield v. Florida Yacht Club (Fla. App. 1958), 106 So. 2d 207, 211.

The summary judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

- 5 -