HARRIS, Judge.
Appellants, shareholders/members of Southern Cassadaga Spiritualist Camp Meeting Association, a Florida nonprofit corporation, sued the corporation and its trustees seeking a declaratory judgment in *43 case number 87-7416 to determine their rights, as shareholders, under the original corporate charter and its amendment and their potential responsibilities because of certain actions taken by the corporation. They also sued the trustees for damages based on an alleged violation of fiduciary duty to the corporation (count 2) and the corporate attorney for negligence (count 3)-[1]
In case number 89-7249, two of the original appellants sued the corporation and the trustees for a declaratory judgment as to their rights under the corporate bylaws after the trustees stripped them of their membership rights. The two eases were consolidated for appeal.
CASE 87-7416
The trial judge, after determining that appellants were not stockholders in the association, dismissed the action because there was no allegation of a present controversy; appellants were merely seeking legal advice.[2] Even in its dismissal, however, the court answered the central and dispositive, question: whether appellants were stockholders or members of a nonprofit association.
The court held that although stock certificates were issued pursuant to the original 1894 charter, the corporation — originally and as amended — has always been a not for profit corporation. Therefore, any stock certificate issued was nothing more than a certificate of membership in the corporation. Bartlett v. Lily Dale Assembly, 139 Misc. 338, 249 N.Y.S. 482 (S.Ct. Chautauqua County, 1931). We agree and affirm the dismissal of the complaint.[3]
CASE 89-7249
Appellants sought a declaratory judgment as to their rights under the amended charter. The trial court considered this action as “an extension” of the earlier case (87-7416) and counted the amended complaint as “a fifth complaint.” In fact, the complaint had only been amended once in this action. While the complaint was subject to dismissal because it was vague and duplicitous (reasserting rights as “stockholders”), it was nevertheless based upon a present controversy, the alleged improper expulsion from membership without affording fundamental due process. See, e.g., La Gorce Country Club v. Cerami, 74 So.2d 95 (Fla.1954). It also raised a justiciable issue for declaratory judgment as to the validity of the amendment to the bylaws.
Appellants should be permitted to amend their complaint.
REVERSED and REMANDED for further action consistent herewith.
PETERSON and GRIFFIN, JJ., concur.

. Service on the attorney was never obtained and the action proceeded on counts 1 and 2.

. Appellants also contest the granting of the permanent injunction preventing them from interfering with the sale of the water plant. We find no error and affirm the trial court on this issue.

.We also agree with the trial court that since count 2 was based on appellant’s claim of being stockholders and having certain rights because of that status, count 2 also failed to state a cause of action.