DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORIDA RESEARCH INSTITUTE FOR EQUINE NURTURING, DEVELOPMENT AND SAFETY, INC.,** a Florida not for profit corporation,
Appellant,

v.

**DANA DILLON** and **ROBERT DILLON,** individually,
Appellees.

No. 4D17-605

[May 16, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE13-024657.

Thomas H. Loffredo and Rebecca A. Rodriguez of Gray|Robinson, P.A., Fort Lauderdale, and Kristie L. Hatcher-Bolin of Gray|Robinson, Lakeland, for appellant.

Bruce H. Little of Bruce H. Little, P.A., Fort Lauderdale, for appellees.

GERBER, C.J.

A corporation, organized to provide horse rescue services, appeals from the circuit court's final judgment, after a non-jury trial, in favor of a wife and husband arising from their alleged membership rights in the corporation. The corporation primarily argues that the trial court erred in two respects: (1) by concluding that the corporation illegally terminated the wife's membership in the corporation without affording her notice and a hearing; and (2) by finding that the husband was a member of the corporation at the time he demanded to inspect the corporation's corporate records. On the first argument, we agree with the corporation and reverse as to the wife's action. On the second argument, we disagree with the corporation and affirm without discussion as to the husband's action.

We present the circuit court's findings of fact in the final judgment as to the wife's action to the extent such findings are supported by competent, substantial evidence. *See Acoustic Innovations, Inc. v. Schafer*, 976 So. 2d 1139, 1143 (Fla. 4th DCA 2008) ("When a decision in a non-jury trial is

based on findings of fact from disputed evidence, it is reviewed on appeal for competent, substantial evidence."). Other record facts are included below where necessary to provide a complete picture of the material facts.

## Procedural History

The corporation was formed as a not for profit charitable organization under chapter 617, Florida Statutes (governing not for profit corporations). Persons can become member sponsors of the corporation essentially by completing a membership application, paying a membership fee, being approved for membership, and paying recurring contributions towards the care of a horse or horses which the member is sponsoring.

The corporation was governed by a board of directors, sometimes referred to as the board of trustees. The corporation was operated according to a set of bylaws and a set of rules. The corporation's original bylaws provided that the board could remove a member by providing written notice to the member of a hearing, at which the board could remove the member for cause. The corporation later amended its bylaws to delete the requirements of notice and a hearing before the board could remove a member for cause. The amended bylaws provide, in pertinent part:

> The Board of Trustees may suspend or expel a member . . . for "just cause" after a vote is held at any regular, special or emergency meeting if deemed in the best interest of the organization, the horses or the general membership. Management may enforce the termination of membership if the member has received a prior verbal and written warning as stated in the Rules and Regulations. Should there be a vote of the Board of Trustees to terminate a member, and that vote is unanimous, when they terminate this member, then that member becomes ineligible for reinstatement.

The corporation's rules provide, in pertinent part:

> Membership termination is at the discretion of management and the Board of Directors.
>
> . . .
>
> Any member/sponsor, who we determine has intentionally tried to undermine the organization, the Board of Directors or Management will terminate their membership immediately and without warning.

2

The bylaws amendment and rules existed before the wife became a member of the corporation.

After the wife became a member of the corporation, she received multiple verbal and written warnings for various rules violations. Despite these warnings, the wife ultimately sent an e-mail to someone outside of the corporation, accusing the corporation of a variety of misdeeds, and alleging, among other things, "[The corporation] is as corrupt as you can imagine."

After the corporation's board became aware of the wife's accusatory e-mail, the board set an emergency meeting without providing notice to the wife. At the meeting, the board unanimously voted to terminate the wife's membership for cause. The corporation sent the wife a letter notifying her of the termination.

The wife brought a declaratory judgment action against the corporation. The wife alleged, among other things, that the board did not legally terminate her membership because the board did not provide her with notice and a hearing before terminating her membership.

In its answer, the corporation alleged that it terminated the wife's membership "pursuant to a fair and reasonable procedure carried out in good faith." The corporation alleged that the wife had violated the corporation's rules and ignored the corporation's directions to comply with the rules before the corporation terminated her after multiple violations.

After a non-jury trial, the trial court entered a final judgment in the wife's favor. The trial court reasoned, in pertinent part:

> The termination of any member of [the corporation] is governed by Florida Statute § 617.0607, which dictates that a member may not be expelled or suspended and that a membership of a corporation may not be terminated or suspended except pursuant to a procedure that is fair and reasonable and carried out in good faith. The statute was obviously designed to comply with constitutional due process of law and notice requirements.
>
> . . .
>
> The changes in the By-Laws affected the requirement of a hearing, but both the [original] and [amended] By-Laws

3

required "just cause" for removal of any member. Procedurally, the determination of whether there is just cause must be "fair and reasonable" by statute which legislates that some measure of due process must occur. The [amended] By-Laws do not establish a procedure for removal that is "fair and reasonable."

No emergency existed for the termination of [the wife's] membership without notice, a hearing and the opportunity to be heard as required by a reasonable interpretation of the By-Laws, and strict interpretation of Florida law and due process.

. . .

Pursuant to Florida law, and [the corporation's] By-Laws, and constitutional due process of law, [the corporation] was required to provide a fair and reasonable procedure for the termination of [the wife's] membership after they decided to terminate or initiated the process.

[The wife's] membership was never effectively terminated; and therefore, the Court determines her to still be a member of [the corporation].

. . .

In reaching a decision in this case . . . , the Court considered and applied . . . sec. 617.0607[,] Florida Statute[s]. A similar case considered and applied by the Court was *La Gorce Country Club v. Cerami*, 74 So. 2d 95 (Fla. 1954). In *Cerami*, a member of a private club was terminated under a similar By-Law provision without a hearing and at the sole discretion of the Board. The Supreme Court affirmed the trial court in compelling his reinstatement based on the due process requirement that he be afforded a hearing.

. . .

The Court finds in favor of [the wife] as to her declaratory action and determines that her membership was not reasonably, fairly or legally terminated and therefore, she continues to be a member of [the corporation].

4

The [corporation], . . . the Board or individual members are hereby ordered to provide all the benefits and obligations of membership in [the corporation] to [the wife] and to refrain from involuntarily terminating the membership of [the wife] without first according her notice and a hearing which comports with Fla. Stat. § 617.0607 and the minimum standards of due process of law . . . .

## Our Review

This appeal followed. The corporation argues that the trial court misapplied the applicable law and relied upon an inapplicable legal standard in ruling that the wife's membership was unreasonably and unlawfully terminated. More specifically, the corporation argues the trial court erred by ruling that the corporation's membership termination procedures were invalid based upon a purported due process violation.

To the extent the trial court's final judgment was based upon its legal conclusion that the corporation's application of the bylaws violate due process, our review is de novo. *See Acoustic Innovations*, 976 So. 2d at 1143 ("[W]here a trial court's conclusions following a non-jury trial are based upon legal error, the standard of review is *de novo*."); *Natiello v. Winn-Dixie Stores, Inc.*, 203 So. 3d 209, 210 (Fla. 4th DCA 2016) ("[T]he issue of whether a party has been denied procedural due process is reviewed de novo."); *Retreat at Port of Islands, LLC v. Port of Islands Resort Hotel Condo. Ass'n, Inc.*, 181 So. 3d 531, 532 (Fla. 2d DCA 2015) ("[O]rganizational bylaws are treated as contracts, and we review construction of those bylaws de novo.").

We agree with the corporation's arguments regarding its termination of the wife's membership for three reasons:

1. the plain language of section 617.0607(1), Florida Statutes (2013), does not require notice and a hearing before a not for profit corporation terminates a member;

2. the corporation's bylaws and rules set forth an expulsion and termination procedure "that is fair and reasonable and [was] carried out in good faith" under section 617.0607(1); and

3. the case upon which the trial court primarily relied, *La Gorce Country Club v. Cerami*, 74 So. 2d 95 (Fla. 1954), is inapplicable.

We address each reason in turn.

## 1. **Plain Language**

First, the plain language of section 617.0607(1), Florida Statutes (2013), does not require notice and a hearing before a not for profit corporation terminates a member. Section 617.0607(1) states: "A member of a [not for profit] corporation may not be expelled or suspended, and a membership in the corporation may not be terminated or suspended, *except pursuant to a procedure that is fair and reasonable and is carried out in good faith*." (emphasis added). If the legislature had intended that a member of a not for profit corporation may not be expelled or suspended, or that a membership in a corporation may not be terminated or suspended, except pursuant to "notice and a hearing," then the legislature could have said so. Because the legislature has not said so, both we and the trial court are without power to modify the statute to include the requirement of notice and a hearing before a not for profit corporation terminates a member. *See Hill v. Davis*, 70 So. 3d 572, 575-76 (Fla. 2011) ("Courts are without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power. Thus, if the meaning of the statute is clear then this Court's task goes no further than applying the plain language of the statute.") (internal citations and quotation marks omitted).

## 2. **Fair, Reasonable, and Good Faith**

Second, the corporation's bylaws and rules set forth an expulsion and termination procedure "that is fair and reasonable and [was] carried out in good faith" under section 617.0607(1). The bylaws provided, in pertinent part:

> The Board of Trustees may suspend or expel a member . . . for "just cause" after a vote is held at any regular, special or emergency meeting if deemed in the best interest of the organization, the horses or the general membership. Management may enforce the termination of membership if the member has received a prior verbal and written warning as stated in the Rules and Regulations. Should there be a vote of the Board of Trustees to terminate a member, and that vote is unanimous, when they terminate this member, then that member becomes ineligible for reinstatement.

Further, the corporation's rules provided, in pertinent part:

> Membership termination is at the discretion of management and the Board of Directors.
>
> . . .
>
> Any member/sponsor, who we determine has intentionally tried to undermine the organization, the Board of Directors or Management will terminate their membership immediately and without warning.

The record evidence indicates that the corporation complied with this fair and reasonable procedure and did so in good faith. The wife received multiple verbal and written warnings for various rules violations. Despite these warnings, the wife ultimately sent an e-mail to someone outside of the corporation, accusing the corporation of a variety of misdeeds, and alleging, among other things, "[The corporation] is as corrupt as you can imagine." This ultimate action, along with the wife's prior conduct, provided the board with "just cause" to find that the wife was intentionally trying to undermine the organization, and justified the board's unanimous vote to terminate the wife's membership.

### 3. *La Gorce*'s Inapplicability

Third, the case upon which the trial court primarily relied, *La Gorce Country Club v. Cerami*, 74 So. 2d 95 (Fla. 1954), is inapplicable. In *La Gorce*, our supreme court indeed concluded that a social club member was entitled to notice and a hearing before being expelled from the club. However, our supreme court reached that conclusion after finding that "the present case is controlled by statute under which the club was incorporated, namely F.S. § 617.10." *Id.* at 97. Section 617.10 was repealed in 1990 (effective in 1991), and was very different than the current section 617.0607. Section 617.10 provided, in pertinent part:

> Social clubs or societies not for profit may be incorporated under this chapter; provided, however, that any such club or society may, in its by-laws:
>
> . . .
>
> (2) Prescribe that an incorporator or member shall not have any vested right, interest or privilege of, in or to the assets, functions, affairs, or franchises of the corporation, or any right, interest or privilege which may be transferable or inheritable, or which shall continue after his membership

ceases, or while he is not in good standing; provided, that *before his membership shall cease against his consent he shall be given an opportunity to be heard . . . .*

(emphasis added).

The current section 617.0607, which the trial court cited in its final judgment, contains no such requirement that before a person's membership shall cease against that person's consent, the person shall be given notice and an opportunity to be heard. Instead, the current section 617.0607(1) states: "A member of a [not for profit] corporation may not be expelled or suspended, and a membership in the corporation may not be terminated or suspended, *except pursuant to a procedure that is fair and reasonable and is carried out in good faith.*" (emphasis added). The trial court's conclusion, that this procedure requires notice and an opportunity to be heard, finds no support in section 617.0607's plain language or case law.

## Conclusion

Based on the foregoing, we reverse the trial court's final judgment to the extent the trial court concluded that the corporation illegally terminated the wife's membership in the corporation without affording her notice and a hearing. We remand for the trial court to enter a new final judgment finding in the corporation's favor on the wife's declaratory action, determining that the wife's membership was reasonably, fairly, and legally terminated, and that the wife ceased being a member of the corporation when the corporation terminated her membership. The new final judgment shall not disturb the trial court's findings of fact and conclusions of law as to the husband's action, which, in sum, were that although the husband was a member of the corporation whose membership was never terminated, the husband's request to inspect the corporation's records was impermissibly vague and overbroad and, therefore, the corporation did not improperly fail to respond to the request.

*Affirmed in part, reversed in part, and remanded for entry of new final judgment consistent with this opinion.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

8