340 So.2d 1202 (1976)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Geraldine GIBBS et al., Respondents.
No. 76-888.
District Court of Appeal of Florida, Fourth District.
December 10, 1976.
*1203 Timothy P. McCarthy, of Levy, Plisco, Perry, Reiter & Shapiro, Palm Beach, for petitioner.
Joel T. Daves, III, of Burdick & Daves, West Palm Beach, for respondents.
MAGER, Chief Judge.
Upon review of the briefs and record on appeal in this cause we are of the opinion that the order denying petitioner-defendant's objection to certain discovery based upon the work product doctrine constitutes a departure from the essential requirements of law which will cause material injury to the petitioner throughout the remainder of the proceedings below for which a remedy by appeal would be inadequate. Pic v. Hoyt Development Co., Inc., 309 So.2d 586 (Fla. 2d DCA 1975); see also Stuart v. Hertz Corporation, 302 So.2d 187 (Fla. 4th DCA 1974); Beta Eta House Corporation v. Gregory, 230 So.2d 495 (Fla. 1st DCA 1970). Moreover, having determined that certiorari will lie we are also of the opinion that the order denying the petitioner-defendant's motion to dismiss the punitive damage count in respondent-plaintiffs' complaint should be vacated and set aside. 5 Fla.Jur., Certiorari, § 12, cf. Schoenrock v. Ballard, 185 So.2d 760 (Fla. 1st DCA 1966); Kennedy v. Kennedy, 303 So.2d 629 (Fla. 1974).
In the proceedings below the petitioner-defendant had issued an insurance policy to the respondents-plaintiffs covering certain personal and real property. Respondents filed a breach of contract action seeking compensatory and punitive damages as a result of petitioner's (bad faith) refusal to pay for certain losses incurred by said respondents as a result of a fire. Interrogatories filed by the respondents sought discovery of the entire content of petitioner's claim file in furtherance of its bad faith allegation and claim for punitive damages.
Traditionally, discovery orders in actions at law have been reviewable by certiorari under the proper circumstances, particularly where the work product of a party litigant is the subject matter of such discovery. *1204 Brooks v. Owens, 97 So.2d 693 (Fla. 1957); Surf Drugs, Inc. v. Vermette, 236 So.2d 108 (Fla. 1970); Travelers Indemnity Company v. Fields, 262 So.2d 222 (Fla. 1st DCA 1972); Nationwide Insurance Co. Pinellas Cty. v. Monroe, 276 So.2d 547 (Fla. 2d DCA 1973); see in particular, Allstate Insurance Company v. Shupack, 335 So.2d 620 (Fla. 3d DCA 1976).
Additionally, with respect to the claim for punitive damages, it is clear from the face of the pleadings and from a reading of the applicable decisions that respondent has failed to demonstrate, as is required, the existence of a willful and independent tort separate and distinct from the breach of contract. Masciarelli v. Maco Supply Corp., 224 So.2d 329 (Fla. 1969); Henry Morrison Flagler Museum v. Lee, 268 So.2d 434 (Fla. 4th DCA 1972); see World Insurance Company v. Wright, 308 So.2d 612 (Fla. 1st DCA 1975). An insuror's bad faith refusal to settle a claim of its insured is not per se a willful and independent tort giving rise to a claim for damages. MacDonald v. Penn Mutual Life Insurance Company, 276 So.2d 232 (Fla. 2d DCA 1973). See also Butchikas v. Travelers Indemnity Company, Supreme Court of Florida Case No. 47,733 opinion filed June 30, 1976; Baxter v. Royal Indemnity Company, 285 So.2d 652 (Fla. 1st DCA 1973) cert. discharged 317 So.2d 725 (Fla. 1975).
Accordingly, certiorari is granted and the cause remanded to the trial court for further proceedings consistent herewith.
CROSS and ALDERMAN, JJ., concur.