PER CURIAM.
In an action formerly cognizable at law, the plaintiff seeks to review by interlocutory appeal the trial court’s order striking the prayer for punitive damages in two counts of plaintiff’s three count complaint. As there is no basis for treating this as an interlocutory appeal under F.A.R. 4.2, we dismiss the appeal. Casper v. Beshany, 351 So.2d 1110 (Fla. 4th DCA), Opinion issued November 9, 1977; Longo v. Collins, 106 So.2d 1 (Fla. 1st DCA 1958).
Furthermore, we will not treat the interlocutory appeal as a petition for writ of certiorari because “interlocutory orders in cases previously cognizable at law are reviewable by certiorari only when it clearly appears that there is not full, adequate and complete remedy available by appeal after final judgment”. Johnson v. General Motors Corp., 350 So.2d 1119 (Fla. 4th DCA 1977). Welsh v. Tropical Roofing Co., 127 So.2d 894 (Fla. 2d DCA 1961) is directly on point. The trial court struck a prayer for punitive damages from the complaint and the Second District held that an interlocutory appeal was improper and that certiorari could not be granted. See also, Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975). But see, Allstate Insurance Co. v. Gibbs, 340 So.2d 1202 (Fla. 4th DCA 1976) (this court granted certiorari to review a discovery order and at the same time reviewed .the denial of the defendant’s motion to dismiss the punitive damage count in plaintiff’s complaint). In Gibbs, certiorari would not have been proper in the absence of the discovery issue.
APPEAL DISMISSED.
DOWNEY, ANSTEAD and MOORE, JJ., concur.