370 So.2d 58 (1979)
CHALFONTE DEVELOPMENT CORPORATION, Petitioner,
v.
Philip F. BEAUDOIN, d/b/A P.F. Beaudoin & Associates, Respondent.
No. 78-2715.
District Court of Appeal of Florida, Fourth District.
April 18, 1979.
Rehearing Denied May 21, 1979.
*59 J. Cameron Story, III, of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for petitioner.
Robert A. Urban, Fort Lauderdale, for respondent.
DOWNEY, Chief Judge.
The trial court denied petitioner's motion to dismiss for lack of prosecution. By Petition for Writ of Certiorari we are asked to review that order because petitioner contends that "the lower court's interlocutory Order denying Petitioner's Motion was clear error of such a character that the Fourth District Court of Appeal should correct it by the exercise of its discretionary power to issue a Common Law Writ of Certiorari."
This case does not warrant the writing of an opinion because the grounds for issuance of the common law writ of certiorari have been discussed in innumerable cases, many of recent vintage.[1] However, in the hope of stemming an ever increasing tide of unfounded petitions for certiorari we state once again that non-final orders not reviewable by interlocutory appeal pursuant to Fla.R.App.P. 9.130 will not be reviewed by petition for common law certiorari unless the order does not conform to the essential requirements of law and to proceed without immediate review may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal is inadequate.
As we said in Siegel v. Abramowitz, infra n. 1, it would no doubt be expeditious for this court to resolve the issue presented at this point in time. However, we have persistently refused to alter the rule in the name of expedition. The appellate rule[2] provides for interlocutory review of certain non-final orders because it is essential that they be reviewed during the pendency of the case in the trial court. Generally, all other appellate review is postponed until the matter is concluded in the trial court for rather obvious reasons.
Following the appellate format set out in the rules and the case law governing this subject, it appears to us quite clearly that the issue presented by this petition is not properly one for review by writ of common law certiorari.
Accordingly, the petition for certiorari is denied.
DAUKSCH and MOORE, JJ., concur.
NOTES
[1] Santini Brothers, Inc. v. Grover, 338 So.2d 79 (Fla. 4th DCA 1976); Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975); Solitron Devices, Inc. v. Reiland, 311 So.2d 729 (Fla. 4th DCA 1975). See also: Esler v. Gabinet, 369 So.2d 93 (Fla. 4th DCA 1979).
[2] Fla.R.App.P. 9.130.