405 So.2d 1018 (1981)
Robert C. MALT, Individually, Vera Heflin, Individually, Robert C. Malt and Company, a Florida Corporation, and Reliance Insurance Company, Petitioners,
v.
Vicki SIMMONS, Individually, and Rene Simmons, by and through Her Mother and Best Friend, Vicki Simmons, Respondents.
Robert C. MALT, Individually and Vera Heflin, Petitioners,
v.
Vicki SIMMONS, et al., Respondents.
Nos. 81-1187, 81-1192.
District Court of Appeal of Florida, Fourth District.
October 21, 1981.
James Joseph Weinert of Paxton, Crow, Taplin & Bragg, P.A., West Palm Beach, for petitioners.
Thomas E. Kingcade of Levy, Shapiro, Kneen & Kingcade, P.A., Palm Beach, for respondents.
PER CURIAM.
By petition for writ of certiorari we are asked to review an order of the trial court denying a motion for a protective order as to certain interrogatories propounded by plaintiff/respondents to defendants/petitioners. Certiorari is an appropriate vehicle for testing the correctness *1019 of an order governing discovery procedures. Everglades Protective Syndicate v. Makinney, 391 So.2d 262 (Fla. 4th DCA 1980). However, certiorari will be granted only where the order of the trial court is a departure from the essential requirements of law and there would be no adequate remedy by appeal. Everglades Protective Syndicate v. Makinney, supra.
If the interrogatories at issue are relevant to the subject matter involved in the litigation, or if the information sought "appears reasonably calculated to lead to the discovery of admissible evidence," Rule 1.280(b)(1), Florida Rules of Civil Procedure, then the questions are appropriate and the order is obviously not a departure from the essential requirements of law. On the other hand, if the interrogatories do not meet this test, not only would the order be a departure from the essential requirements of law, but there would be no adequate remedy on appeal since the information would necessarily have been revealed by the time the case is appealed.
In the instant lawsuit, respondents filed a complaint against petitioners for violation of state and federal collection laws and intentional infliction of emotional distress in seeking to collect unpaid rent for a townhouse managed by petitioners.
We fail to see how the interrogatories are relevant to the subject matter of the litigation or are reasonably calculated to lead to the discovery of admissible evidence. We have further determined that the information sought is of a confidential nature and that its production might result in damage that would be irreparable. Accordingly, we grant the writ, quash the trial court's order and direct the trial court to strike the objectionable interrogatories and to expunge them from the record.
MOORE and HERSEY, JJ., concur.
ANSTEAD, J., dissents without opinion.