445 So.2d 1107 (1984)
GREYHOUND LINES, INC., a Foreign Corporation, Petitioner,
v.
May JACKSON, as Personal Representative of the Estate of Caprida Jackson, Deceased; and As Personal Representative of the Estate of Tarrah Jackson, Deceased, Respondents.
No. 83-2692.
District Court of Appeal of Florida, Fourth District.
February 29, 1984.
*1108 G. William Bissett of Preddy, Kutner & Hardy, P.A., Miami, and Thomas Howard, West Palm Beach, for petitioner.
Jeffrey Leibovit and Richard W. Slawson of Slawson & Berman, North Palm Beach, for respondents.
PER CURIAM.
By petition for writ of certiorari, we are asked to review an order of the trial court denying a motion for a protective order as to certain interrogatories propounded by the plaintiff to the defendant. Certiorari is the appropriate vehicle for testing the correctness of an order governing discovery procedures. Malt v. Simmons, 405 So.2d 1018 (Fla. 4th DCA 1981). However, certiorari will be granted only where the order of the trial court is a departure from the essential requirements of law and there would be no adequate remedy by appeal. Everglades Protective Syndicate, Inc. v. Makinney, 391 So.2d 262 (Fla. 4th DCA 1980).
In the instant case, the plaintiff filed a complaint against the petitioner for the negligent operation of its bus by one of its employees which resulted in a collision. The requested production demands information concerning traffic violations committed by each and every one of all the defendant's bus drivers operating in Florida for a three year period. The expenditure of time and money required for this endeavor is burdensome and oppressive and we believe the respondents have failed to show a necessity justifying such discovery. See Slatnick v. Leadership Housing Systems, Inc., 368 So.2d 78 (Fla. 4th DCA 1979), and North Miami General Hospital v. Royal Palm Beach Colony, Inc., 397 So.2d 1033 (Fla. 3d DCA 1981).
Accordingly, we grant the writ, quash the trial court's order and direct the trial court to strike the objectionable interrogatories and to expunge them from the record.
DOWNEY and LETTS, JJ., concur.
HURLEY, J., dissents without opinion.