447 So.2d 455 (1984)
SELECTED RISKS INSURANCE COMPANY, Petitioner,
v.
Maurice WHITE and Bella White, His Wife, Respondents.
No. 83-2518.
District Court of Appeal of Florida, Fourth District.
March 28, 1984.
Jonathan L. Gaines and Scott R. Anselmo of Fleming, O'Bryan & Fleming, Fort Lauderdale, for petitioner.
Robert Pasin of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for respondents.
GLICKSTEIN, Judge.
Petitioner, defendant below, objected to the following two parts of interrogatories propounded to its insured:
10. Have you ever made or given any statement, whether oral or in writing, to anyone regarding the happening of the alleged occurrence, and if so, for each such statement please state:
(e) The substance and content, as best as you recall, of each statement.
11. Please state whether or not, to your knowledge or to the knowledge of any agent, employee or attorney of yours, any statement in any form was obtained, secured, or received by any person, regarding in any way the happening of the alleged occurrence, and if so, state:
(g) The substance of the statement.
Petitioner did answer all queries regarding the existence of recorded and written statements, indicating that they were made to a representative of the insurance company and a police officer, respectively. Petitioner refused to disclose the substance of the statements. After hearing petitioner's objections, which were based upon work product and privilege, the trial court denied the objections. Petitioner seeks review of this order. We grant its petition for certiorari, quash the order of the trial court and remand  as to the recorded statement  for proceedings consistent with the decision of this court in Cotton States Mutual Insurance Co. v. Turtle Reef Associates, Inc., 444 So.2d 595 (Fla. 4th DCA 1984).
Petitioner correctly cites Surf Drugs, Inc. v. Vermette, 236 So.2d 108 (Fla. 1970), *456 for the proposition that a party may not be forced through discovery to set out the contents of statements taken in preparation for trial. Respondents' suggestion that they sought only "generally the type of information" contained in the statements is belied by the interrogatory asking for the "substance and content" of each statement. The petitioner indicated those persons holding the statements and when they were made, which is all that is required by Surf Drugs, see 236 So.2d at 113.
The key to this petition is whether the statement was taken in preparation for litigation. On this question, we are guided by Cotton States Mutual Insurance Co. v. Turtle Reef Associates, wherein this court held the work product privilege applicable to statements prepared by an investigator or insurer only where legal action is contemplated. In Cotton States, as here, the trial judge's order did not reveal his reasons for requiring discovery, nor whether he had made a finding as to the purpose of the statements. As in Cotton States, the trial court should make a finding regarding whether the statement was in the ordinary course of business or in preparation for litigation. If it has been made in preparation for trial, the statement's substance would be protected per Cotton States and cases cited therein.
As for the written statement, those statements made to investigating police officers are privileged by operation of Section 316.066(4), Florida Statutes (1983):
(4) Each accident report made by a person involved in an accident shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident, and except that the department shall disclose the final judicial disposition of the case, indicating which, if any, of the parties were found guilty. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have, made such a report or upon demand of any court a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirements that such a report be made to the department. [emphasis added.]
Subsection (4) provides, as indicated, that the reports shall be for the confidential use of the department, with certain exceptions not relevant here. If the statements may be disclosed to anyone who requests them during discovery, they can hardly be said to be confidential. The purpose of this privilege is encouraging people to report truthfully to police to aid their investigation without fear of penalty. Permitting discovery of the report would not further this purpose. This conclusion is bolstered by footnote four at 548 in Nationwide Insurance Co. v. Monroe, 276 So.2d 547 (Fla. 2d DCA), cert. denied, 283 So.2d 366 (Fla. 1973). Although the footnote is dictum, in it the court said that a statement given in compliance with the statute requiring the report is immune from discovery except as to its existence.
ANSTEAD, C.J., and LETTS, J., concur.