455 So.2d 1129 (1984)
SCOTCHEL ENTERPRISES, INC., D/B/a Mr. G's Lounge, Petitioner,
v.
Nelson VELEZ, As Personal Representative of the Estate of Michelle Velez, Deceased, for the Use and Benefit of Her Survivors, Respondent.
No. 84-1374.
District Court of Appeal of Florida, Fourth District.
September 19, 1984.
John P. Wiederhold of Wiederhold, Moses & Bulfin, P.A., West Palm Beach, for petitioner.
Joseph D. Farish, Jr., of Farish, Farish & Romani, West Palm Beach, for respondent.
DELL, Judge.
Petitioner Scotchel Enterprises, Inc., d/b/a Mr. G's Lounge seeks review by petition for a writ of certiorari of an order denying petitioner's motion for a protective order from a subpoena duces tecum served upon a non-party witness. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(A).
In December of 1981, a shooting occurred in petitioner's lounge resulting in the death of a patron. Shortly after the incident an adjuster retained by petitioner's insurance carrier took the statement of an employee named Lloyd Richards. The statement was recorded and later transcribed. Respondent discovered the existence of the statement while taking Mr. Richard's deposition. The following colloquy occurred:
Q. Have you ever given any insurance company any statements?
A. Yes, sir.

*1130 Q. When?
A. It was after that. I don't know how long of a period of time.
Q. Did they give you a copy of them?
A. Yes, sir.
Q. Where is that statement? Have you got it home? Got it with you?
A. Yes.
Q. Let me see it.
MR. WIEDERHOLD: You don't have to give it to him. It's up to you.
THE WITNESS: I read it before.
MR. FARISH: Read it before you came in here today?
A. No, but I had to sign it when I gave this way back then.
Q. Could I see it please?
MR. WIEDERHOLD: It's up to you, Lloyd. If you want to give it to him it's up to you. You weren't subpoenaed here duces tecum meaning everything with you.
MR. FARISH: We can make you come back, sir.
MR. WIEDERHOLD: Don't worry about it. We will come back.
MR. FARISH: Could I see it now? Are you refusing to give it to me?
THE WITNESS: Yes, sir.
The next day respondent subpoenaed Mr. Richards for a deposition duces tecum. Petitioner moved for a protective order on the grounds that the requested statement was work product or otherwise privileged in nature and therefore not discoverable. The trial court denied the motion for protective order and this petition for certiorari followed.
Petitioner contends that the insurance adjuster took Mr. Richards' statement in anticipation of litigation and it is therefore protected under the work product rule. Respondent contends that Mr. Richards referred to the statement to refresh his recollection, thereby entitling him to the statement under Section 90.613, Florida Statutes (1983). Section 90.613 provides in part that:
When a witness uses a writing or other item to refresh his memory while testifying, an adverse party is entitled to have such writing or other item produced at the hearing, to inspect it, to cross-examine the witness thereon... .
We find no record evidence to support respondent's assertion that the witness used the statement to refresh his recollection either before, or during, the taking of the deposition. Rather, the witness testified that he last read the statement when he signed it.
Under the provisions of the work product rule:
a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including his attorney, consultant, surety, indemnitor, insurer or agent, only upon a showing that the party seeking discovery has need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fla. R. Civ. P. 1.280(b)(2) (emphasis added). Respondent has made no showing that the statement is unique, that the "substantial equivalent" is not available, or that he will be prejudiced if the statement is not produced. Thus, respondent has failed to make the requisite showing and cannot obtain discovery of the statement if it was taken in anticipation of litigation.
Although it appears obvious that the witness's statement was not taken for any purpose other than in anticipation of litigation, we do not have the benefit of the trial judge's finding of fact on this question. We must again emphasize the importance of having such findings as we did in Selected Risks Insurance Co. v. White, 447 So.2d 455, 456 (Fla. 4th DCA 1984):
In Cotton States, as here, the trial judge's order did not reveal his reasons for requiring discovery, nor whether he had made a finding as to the purpose of the statements. As in Cotton States, the trial court should make a finding regarding whether the statement was in the ordinary course of business or in preparation for litigation. If it has been made in preparation for trial, the statement's *1131 substance would be protected per Cotton States and cases cited therein.
Therefore, we grant this petition for writ of certiorari and quash the order of the trial court denying petitioner's motion for a protective order and remand this case for further proceedings consistent here with.
CERTIORARI GRANTED.
HERSEY and GLICKSTEIN, JJ., concur.