471 So.2d 217 (1985)
CANADIAN HOME INSURANCE COMPANY, a Foreign Corporation, Petitioner,
v.
Iris NORRIS and Joseph Norris, Her Husband, Luc Lessard and Marc Lessard, Respondents.
No. 85-478.
District Court of Appeal of Florida, Fourth District.
June 26, 1985.
*218 Ross Manella and Joseph P. Klapholz of Ilovitc & Manella, P.A., Hollywood, for petitioner.
Scott P. Schlesinger of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for respondents Norris.
PER CURIAM.
Petitioner Canadian Home Insurance Company seeks a writ of common law certiorari, contending that the trial court erred in denying its motion to dismiss. We grant the writ and quash the order.
An order denying a motion to dismiss is not one of the enumerated orders subject to non-final appeal. See Rule 9.130(a)(3), Fla.R.App.P. However, because adequate relief cannot be obtained on plenary appeal and because the trial court's order constitutes a departure from the essential requirements of law, review may be had by common law certiorari. See Home Insurance Company of Illinois v. Sentry Insurance A Mutual Company, 461 So.2d 1038 (Fla. 4th DCA 1985); New Hampshire Insurance Company v. Kimbrell, 343 So.2d 107 (Fla. 1st DCA 1977); Beta Eta House Corporation v. Gregory, 230 So.2d 495 (Fla. 1st DCA 1970).
Norris, the plaintiff in the action below, simultaneously filed suit against the alleged tortfeasor and Canadian as the insurer. Canadian moved to dismiss, contending, as a liability insurer, it could not be joined in an action prior to the entry of judgment against the person who is insured under the terms of the liability policy. As indicated, the trial court denied the motion.
Section 627.7262, Florida Statutes (1983), amended as of October 1, 1982, modifies the common law rule which permitted direct joinder of an insurer in an action by the injured third-party beneficiary. VanBibber v. Hartford Accident & Indemnity Insurance Company, 439 So.2d 880 (Fla. 1983); Osborne v. Elizabeth Massey Investment Corporation, 467 So.2d 1095 (Fla. 4th DCA 1985). As the statute is currently drafted, a plaintiff's third-party interest in the insurance policy must vest, by way of final judgment, before an action is filed against the insurer. Neither the plain language of the statute, nor the decisions which have touched on its meaning, support Norris' contention that application of section 627.7262 hinges on the existence of a "no-joinder" provision in the contract between insurer and insured. See, e.g., VanBibber v. Hartford Accident & Indemnity Insurance Company, 439 So.2d 880 (Fla. 1983); Home Insurance Company of Illinois v. Sentry Insurance A Mutual Company, 461 So.2d 1038 (Fla. 4th DCA 1985).
Accordingly, we quash the order in question and instruct the trial court to dismiss Canadian Home Insurance Company from the action now pending before it.
Certiorari granted.
HERSEY, GLICKSTEIN and HURLEY, JJ., concur.