515 So.2d 998 (1987)
HARTFORD ACCIDENT & INDEMNITY COMPANY, Petitioner,
v.
U.S.C.P. CO., Respondent.
No. 85-1235.
District Court of Appeal of Florida, Fourth District.
September 9, 1987.
Rehearing and Rehearing Denied December 11, 1987.
*999 G. William Bissett of Preddy, Kutner & Hardy, P.A., Miami, for petitioner.
Wilton L. Strickland of Ferrero, Middlebrooks & Strickland, Fort Lauderdale, for respondent.
EN BANC
Rehearing and Rehearing En Banc Denied December 11, 1987.
DELL, Judge.
Petitioner seeks review, by petition for writ of certiorari, of orders, denying petitioner's motion to dismiss Count II of respondent's crossclaim, requiring petitioner to answer certain interrogatories and an order to produce documents and memoranda. We deny certiorari review of the order denying petitioner's motion to dismiss and the order requiring petitioner to answer certain interrogatories. We grant certiorari review and quash the order compelling production of documents and memoranda.
In 1984 U.S. Fire Insurance Company (U.S. Fire) filed a complaint for declaratory judgment against petitioner, Hartford Accident & Indemnity Company (Hartford) and respondent, U.S. Concrete Pipe Company (U.S.C.P.). U.S. Fire insured U.S.C.P.U.S. Fire's complaint sought a declaration that the excess insurance policy it had issued to U.S.C.P. did not provide coverage for a tort claim filed against U.S.C.P., and that to the extent U.S. Fire might be compelled to pay under its excess policy, it would have a cause of action for equitable subrogation against Hartford, the primary liability insurance carrier for U.S.C.P.
*1000 U.S.C.P. responded by filing a two-count counterclaim against U.S. Fire and a two-count crossclaim against Hartford. This petition for writ of certiorari is concerned only with Count II of U.S.C.P.'s crossclaim against Hartford for bad faith and the discovery questions related to this count. U.S.C.P. alleged that Hartford acted in bad faith by refusing to pay U.S.C.P. all sums due under its policy of insurance. Hartford filed a motion to dismiss U.S.C.P.'s crossclaim alleging, among other things, that the crossclaim failed to state a cause of action because an insured has no cause of action to recover punitive damages from its insurer based upon a pleading that alleges nothing more than the insurer "acted in bad faith" by refusing to indemnify or "to pay [the insured] all sums due under its policy of insurance." Hartford also claimed that the trial court should have dismissed the count because Florida law does not recognize a bad faith cause of action for punitive damages in the context of a first party claim by an insured against its insurer absent proof of an independent tort. The trial court rejected these arguments and denied Hartford's motion to dismiss.
U.S.C.P. also served Hartford with interrogatories and a request for production. Hartford filed written objections and requested a protective order claiming that the requested discovery invaded its work product and attorney-client privileges because it sought production of correspondence, memoranda, or other documents involving communications between Hartford and its attorneys. The trial court denied Hartford's objections and ordered it to answer the interrogatories and to produce the documents requested by U.S.C.P. Hartford filed its petition for certiorari and subsequently, the trial court denied Hartford's request to stay the effect of the discovery order pending review by this court.
A petition for writ of certiorari is the appropriate vehicle for testing the correctness of an order governing discovery. Greyhound Lines, Inc. v. Jackson, 445 So.2d 1107, 1108 (Fla. 4th DCA 1984); Gadsden County Times, Inc. v. Horne, 426 So.2d 1234, 1236 (Fla. 1st DCA), review denied, 441 So.2d 631 (Fla. 1983); Malt v. Simmons, 405 So.2d 1018, 1018-19 (Fla. 4th DCA 1981). While certiorari may be used to obtain review of discovery orders, with the exception of the decision in Allstate Insurance Company v. Gibbs, 340 So.2d 1202 (Fla. 4th DCA 1976), cert. dismissed, 354 So.2d 980 (Fla. 1977), this court has until recently held the extraordinary writ of certiorari could not be used to obtain review of orders denying motions to dismiss. In Chalfonte Development Corporation v. Beaudoin, 370 So.2d 58 (Fla. 4th DCA 1979), we said:
This case does not warrant the writing of an opinion because the grounds for issuance of the common law writ of certiorari have been discussed in innumerable cases, many of recent vintage. However, in the hope of stemming an ever increasing tide of unfounded petitions for certiorari we state once again that non-final orders not reviewable by interlocutory appeal pursuant to Fla.R.App.P. 9.130 will not be reviewed by petition for common law certiorari unless the order does not conform to the essential requirements of law and to proceed without immediate review may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal is inadequate.
As we said in Siegel v. Abramowitz, [309 So.2d 234 (Fla. 4th DCA 1975)] infra n. 1, it would no doubt be expeditious for this court to resolve the issue presented at this point in time. However, we have persistently refused to alter the rule in the name of expedition. The appellate rule provides for interlocutory review of certain non-final orders because it is essential that they be reviewed during the pendency of the case in the trial court. Generally, all other appellate review is postponed until the matter is concluded in the trial court for rather obvious reasons.
Id. at 59.
Notwithstanding this court's decision in Chalfonte Development Corporation, and *1001 without the discovery question presented in Allstate Insurance Company v. Gibbs, we accepted certiorari jurisdiction and quashed orders denying motions to dismiss in Home Insurance Company of Illinois v. Sentry Insurance A Mutual Company, 461 So.2d 1038 (Fla. 4th DCA 1985) and Canadian Home Insurance Company v. Norris, 471 So.2d 217 (Fla. 4th DCA 1985). However, more recently in Doerschuck v. Doerschuck, 481 So.2d 1317 (Fla. 4th DCA 1986), we reverted to the view expressed in Chalfonte and denied a petition for certiorari seeking review of an order denying a motion to dismiss. In his special concurrence in Doerschuck, Judge Glickstein said:
There is no question that a trial judge has no option but to terminate a dissolution action upon the death of one of the parties. Thus, the trial court erred in failing to dismiss the action.
The court may issue a writ of certiorari only when there is a departure from the essential requirements of law and no adequate remedy on plenary appeal. In the present case, there was a departure from the essential requirements of law. However, there is a remedy available on plenary appeal, notwithstanding that the parties may be exposed to costly, lengthy and unnecessary litigation. Unfortunately, these reasons are not adequate to justify certiorari review.
Id. at 1317. [Emphasis in original] [Citations omitted]. These decisions highlight the inconsistent position that we have taken when presented with a petition for certiorari review of an order denying a motion to dismiss.
Obviously a compelling urge to take jurisdiction arises when a trial court has erroneously denied a motion to dismiss and has clearly departed from the essential requirements of law. However, this court has a duty to maintain consistency in its decisions and has determined that en banc consideration of this question is mandated. Therefore we address this petition for writ of certiorari en banc to recede from Allstate Insurance Company v. Gibbs, supra, Canadian Home Insurance Company v. Norris, supra, and Home Insurance Company of Illinois v. Sentry Insurance A Mutual Company, supra, to the extent that these opinions granted certiorari review of an order denying a motion to dismiss.
We see no distinction between a direct challenge by certiorari of an order denying a motion to dismiss and one that is brought to us with a discovery question. In either case the parties may incur unnecessary costs of further litigation in the event of a reversal on plenary appeal. While U.S.C.P.'s crossclaim may be inartfully pleaded, a motion for more definite statement may furnish a basis for further defensive pleadings by Hartford concerning the requested discovery. On the other hand, further amendment may establish a claim for bad faith under section 624.155, Florida Statutes (1982).[1] In some cases the issue created by an erroneous interlocutory order may become moot during the course of the trial court proceeding or by the final judgment without intervention by this court. Additional reasons for denial of certiorari jurisdiction can be found in yet another passage from Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975):
Petitioner contends that he will not have a full, adequate and complete remedy after final judgment because he will have gone through a trial under the burden of the order complained of, incur substantial expenses for experts, etc., and because resolution of the issue now on appeal might preclude the necessity of a second trial. To paraphrase petitioner's argument, it would be expedient for this court to resolve the question now *1002 and save everyone a great deal of time and expense. On its face that is a very compelling argument! However, acceptance of such an argument would surely lead to a further inundation of the appellate courts of this state with petitions for certiorari in cases previously cognizable at law and would thereby create greater detriments than benefits to an already overloaded judicial system. One can hardly envision a case wherein the loser on an interlocutory motion would not feel an immediate determination of the issue would facilitate the handling of the remainder of the case, and save time, effort and expense. For this reason such grounds constitute an insufficient basis for obtaining a writ of certiorari to review an interlocutory order in an action formerly cognizable at law.
Id. at 235.
We do not believe that the decision to take certiorari jurisdiction of a petition for review of a motion to dismiss a bad faith claim should be treated any differently simply because of the nature of the action. If we were to extend the reasoning of Allstate to other cases, then it logically would follow that any petition to review discovery based upon the insufficiency of the allegations of the complaint, would necessarily open the door to review of an order denying a motion to dismiss. Such is not a valid basis for certiorari review nor should it be.
As the supreme court recently stated in Martin-Johnson v. Savage, 509 So.2d 1097 (Fla. 1987):
The appellate courts' liberal use of certiorari in this way has led some litigants to seek certiorari review of the discovery order that generally follows a lower court's denial of a motion to strike a punitive damages claim. Safeco Ins. Co. of America v. Campbell, 433 So.2d 25 (Fla. 2d DCA 1983); Allstate Ins. Co. v. Gibbs, 340 So.2d 1202 (Fla. 4th DCA 1976), cert. dismissed, 354 So.2d 980 (1977). In this posture, the rationale for reviewing the punitive damages claim is the court's authority to dispose of all contested issues in a case once it has jurisdiction. See Gibbs, 340 So.2d at 1203 (citing Kennedy v. Kennedy, 303 So.2d 629 (Fla. 1974). And in a few cases, appellate courts, although declining to pass on the order denying the motion to strike, have held discovery orders improper because the claim precluded an award of punitive damages. See Jenkins v. Milliken, 498 So.2d 495 (Fla. 2d DCA 1986); Solodky v. Wilson, 474 So.2d 1231 (Fla. 5th DCA 1985); United States Fire Insurance Co. v. Clearwater Oaks Bank, 421 So.2d 783 (Fla. 2d DCA 1982).
Regardless of the route taken, we cannot agree that certiorari is a proper vehicle for testing denial of a motion to strike a claim for punitive damages. Were we to permit certiorari review of such orders, either directly, as in the case at bar, or in connection with review of a discovery order, we in essence would be creating a new category of non-final orders reviewable on interlocutory appeal. We are unwilling to do so for a number of reasons.
First, we do not believe the harm that may result from discovery of a litigant's finances is the type of "irreparable harm" contemplated by the standard of review for certiorari. In certiorari proceedings, an order may be quashed only for certain fundamental errors.
Id. at 1099.[2]
Accordingly, we hold that certiorari review will not be given on an order denying a motion to dismiss simply because a petition includes a challenge to discovery based upon insufficient allegations in the complaint or cross-claim, because an adequate remedy exists on plenary appeal.
Petitioner also seeks review of the trial court's order that compelled answers to certain interrogatories and the production of documents and other memoranda. In the trial court petitioner argued that it should not be required to answer the interrogatories because the cross-claim failed to state a cause of action for punitive damages *1003 based on its alleged bad faith. The trial court determined that the cross-claim did state a cause of action, and for the reasons that we have already discussed, we will not review the order denying petitioner's motion to dismiss Count II of the cross-claim. Our review of the interrogatories and the objections thereto satisfies us that the trial court did not depart from the essential requirements of law when it denied petitioner's objections to them.
Petitioner asserts three grounds in support of its objections to the request for production: (1) work product, attorney-client privilege; (2) expense and burden of compliance; and (3) invalidity of the punitive damage claim. U.S.C.P. requested the production of the documents identified in the following interrogatory:
(13) Identify
(a) All correspondence prepared or received by Hartford to or from any person or entity relating in any manner to the Bould litigation, Hartford Insurance Company Policy 40 C C17302E with the Hillman Company and USCP, Hartford's denial of coverage to USCP for any judgment for punitive damages awarded in the Bould litigation, and any other matters relating to the Bould litigation or the failure of Hartford to provide coverage for any claim asserted against USCP in the Bould litigation.
(b) All documents including research, memoranda, or legal opinions, relating in any manner to an analysis of whether the subject Hartford insurance policy provides coverage to USCP for the claims asserted, and damages recovered, in the Bould litigation, including punitive damages.
(c) All documents including notes, memoranda, and correspondence prepared by Hartford or any of its officers, employees, agents, experts, adjusters or attorneys pertaining to the Hartford decision to deny coverage to USCP for any of the claims asserted, or damages recovered, in the Bould litigation.
[Emphasis added].
In Stone v. Travelers Insurance Company, 326 So.2d 241 (Fla. 3d DCA 1976) the district court concluded:
It is clear that in an action for bad faith against an insurance company for failure to settle a claim within policy limits, all materials, including documents, memoranda and letters, contained in the insurance company's file, up to and including the date of judgment in the original litigation, should be produced. We reach this holding because of the very nature of a bad faith action and the posture of the parties involved.
In defending personal injury litigation, an insurance company participates not only on behalf of itself, but also on behalf of its insured. Since the plaintiff-judgment creditor stands in the same posture as the insured, entitlement to all materials and documents up to and including the date of the judgment, is extended to him.
Memoranda, letters and all other documentation and materials in the file which were prepared between the time of judgment in the original action and institution of the bad faith suit, are subject to production upon a showing of good cause, or pursuant to an order of the court following an in camera inspection, if such inspection is ordered.
Id. at 243.
However, Rule 1.280(b)(2), Florida Rules of Civil Procedure, provides that a party may obtain discovery of documents and tangible things otherwise discoverable under the rule "only upon a showing that the party seeking discovery has need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." U.S.C.P.'s request for production does not contain any of the allegations required by Rule 1.280(b)(2). Therefore, we grant certiorari and quash that part of the order requiring production of documents and other memoranda. See Speer v. Desrosiers, 361 So.2d 722 (Fla. 4th DCA 1978); Scotchel Enterprises, Inc. v. Velez, 455 So.2d 1129 (Fla. 4th DCA 1984); Winn Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1985).
*1004 Petitioner also claims that the trial court departed from the essential requirements of law when it failed to grant its motion for a protective order because of the expense and burden of compliance. We find no basis in this record that would lead us to conclude the trial court departed from the essential requirements of law in failing to grant the protective order based upon the expense and burden of compliance with the request.
Lastly, we think we should make it clear that at this juncture respondent has not made a request for discovery of private financial information. Therefore the holding in Tennant v. Charlton, 377 So.2d 1169 (Fla. 1979) and the cases pertaining to the discovery of financial information do not apply to the issues before us. We also note that the trial court, in determining whether good cause has been shown for a protective order, may consider, among other things, whether the bare allegations of a complaint (counterclaim or cross-claim) furnish a sufficient basis for the requested discovery.
Accordingly, we deny certiorari review of the order denying petitioner's motion to dismiss and the order denying petitioner's objections to interrogatories. We grant certiorari and quash the order denying petitioner's objections to the request for production of documents and memoranda.
CERTIORARI DENIED IN PART and CERTIORARI GRANTED IN PART.
HERSEY, C.J., and DOWNEY, ANSTEAD, LETTS, WALDEN, GUNTHER and STONE, JJ., concur.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.
GLICKSTEIN, Judge, concurring in part and dissenting in part.

INTRODUCTION
My opinion is divided into two parts  the Introduction and the Merits.
The introduction has been written primarily because of my concern for the unnecessary delays incurred in this court's decision making process, which delays have effectively silenced my views on the one issue occasioning en banc consideration; namely, whether we should or should not recede from Allstate Insurance Company v. Gibbs, 340 So.2d 1202, (Fla. 4th DCA (1976), cert. dismissed, 354 So.2d 980 (Fla. 1977).
I use the word "silenced" because the delay in the issuance of the majority opinion in this case prevented the public expression of my views prior to the consideration and determination of the same issue by this state's highest court in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987), which implicitly vitiated this court's decision in Allstate as well as the decision in Safeco Insurance Company of America v. Campbell, 433 So.2d 25 (Fla. 2d DCA 1983). This court has had a policy of expediting en banc cases since May 1986, which fact should have affected the disposition of this case, the subject of en banc since early 1986. In my view, the delays occasioned here were unwarranted.
The parties and the people of this district were entitled to know the views of every judge here upon the issue at hand, prior to the decision in Martin-Johnson, Inc., just as the supreme court should have been provided the benefit of all of our thoughts. That decision  establishing policy for the entire state  was decided by a vote of four to three. Like most Floridians, I was not aware of its consideration  or impact  until its appearance in Florida Law Weekly. A reading of the earlier one paragraph decision in Martin-Johnson, Inc. v. Savage, 488 So.2d 567 (Fla. 1st DCA 1986), reflects that the situation involved en banc here was not involved there. Consideration here was of a discovery order and the claim upon which the discovery order was founded. If no discovery order had been involved here, certiorari directed solely to review of the motion to dismiss would have surely been denied and the present case would never have been the ultimate subject of en banc consideration. The whole point of my position since 1985, when this case was brought to this court, has been that if we were going to review a discovery order that was substantially related to the validity *1005 of the claim underlying the discovery, it was wise from the standpoint of judicial economy to consider them both at one time. I have never advocated anything more nor anything less.
The majority opinion bears the name of Judge Dell but the idea therein as to the Allstate issue is that of Justice Barkett, who expressed it in the opinion she had proposed while she was a member of the original three judge panel on this court. Her proposed opinion, in which Judge Dell joined, would have receded from Allstate. In Martin-Johnson, Inc., Justice Barkett undertook to expand her discussion to include precisely the issue under consideration here. She then implicitly repudiated Allstate and Safeco.
The motion before the trial court in this case was a motion to dismiss, containing several grounds; but the only relevant portion thereof is that which was directed to the claim for punitive damages. We know that a claim for punitive damages alone would have been insufficient to withstand a motion to dismiss a single count complaint or a motion to strike a count which seeks only punitive damages. A judgment for punitive damages alone, without compensatory or nominal damages, cannot stand. See Carida v. Holy Cross Hospital, Inc., 427 So.2d 803 (Fla. 4th DCA 1983), and cases cited therein. Count II of the cross-claim here sought only punitive damages. As in Carida, I would consider the two counts as one because of that deficiency. However, it appeared plain to me in 1985  as well as now  that there was no basis in the following allegations to support a claim for punitive damages:
CROSS-CLAIM
COUNT I
(16) For its Cross-Claim against the Defendant Hartford Accident & Indemnity Company, Defendant-Counterclaimant and Cross-Claimant U.S.C.P. Co. incorporates Paragraphs (1) through (5) and Paragraph (7) of its Counterclaim as if fully restated herein.
(17) Hartford issued to U.S.C.P. the insurance policy attached hereto and made a part hereof as Exhibit 1.
(18) Prior to December 8, 1983, Hartford refused to pay U.S.C.P. any sum due under its policy of insurance. On December 8, 1983 Hartford paid U.S.C.P. the sum of $502,636.55 which it represented was its entire obligation under its policy. U.S.C.P., with the agreement of Hartford, accepted said sum under protest reserving to U.S.C.P. its rights to recover from Hartford any additional amounts owed.
(19) The amount paid by Hartford on December 8, 1983 was less than the full amount due U.S.C.P. under the "Coverage" and "Supplementary Payments" provisions of the Hartford policy, and did not compensate U.S.C.P. for the damages it incurred in having to pay that part of the Final Judgment for which it was entitled to indemnification from Hartford under its policy.
(20) As a result of Hartford's failure to honor its insurance policy, U.S.C.P. has suffered the loss of use of its money as stated herein and incurred legal and related expenses.
COUNT II
(21) U.S.C.P. incorporates Paragraphs (16) through (20) of Count I of its Cross-Claim as if fully restated herein.
(22) The Defendant Hartford owed a duty to its insured U.S.C.P. to defend it in good faith in the Bould lawsuit; to pay U.S.C.P. all sums due under its policy of insurance; and to fully protect U.S.C.P.'s interests in this matter.
(23) Hartford has failed to comply with its aforesaid duties, has no reasonable basis for such failure, and has acted in bad faith in its dealings as an insurer with its insured.
(24) As a result of Hartford's bad faith, U.S.C.P. was required to pay all of the $997,000 Final Judgment on November 18, 1977; it still has not been fully indemnified by Hartford under its insurance policy; and it has been required to take *1006 this legal action to enforce its rights against Hartford.
While the language in previous cases about a "cause of action" for punitive damages may be loose, the clear import is that you cannot legitimately "claim" them in this type of case without more than was alleged here. If we could legitimately consider the discovery order which might be inexorably tied to the "claim", then why not review  as a matter of judicial economy  the order which not only permitted the discovery but also upheld the sufficiency of the allegations?
Given the supreme court's recent decision in Martin-Johnson, Inc., my views on the merits are now moot. What is relevant is my being prevented from expressing my value judgment publicly before now as a result of the delays effected here.
The subject petition for certiorari was perfected on July 8, 1985. My proposed opinion which circulated to the two other members of the merits panel on August 20, 1985, would have granted the petition, quashed the discovery order and reaffirmed this court's decision in Allstate Insurance Company v. Gibbs. After the other two panelists wished to recede therefrom, it was decided, by majority vote of the judges on this court at the time, that this case merited en banc consideration. Due to what I consider to have been unwarranted delays, the final version of the majority en banc opinion in this case was not circulated until August 3, 1987  more than two years after the petition for writ of certiorari was perfected.

THE MERITS
Because of the unreasonable delays, there is little, if anything, left after Martin-Johnson, Inc. for me to say upon the question of our review of the motion to dismiss. When I wrote the draft opinion herein two years ago, on the authority of both Allstate and Safeco, quashing the order which required petitioner to answer certain interrogatories and produce other materials bearing on the cross-claim, I believed then and still do now that the crossclaim fails to state a claim for punitive damages under Florida law. I reemphasized in the 1985 draft opinion that as a general rule, denials of partial summary judgment or motions to dismiss are not reviewable by certiorari.
In researching the case law while en banc, members of the court encountered two decisions of this court which are disconcerting. These are Canadian Home Insurance Company v. Norris, 471 So.2d 217 (Fla. 4th DCA 1985), and Home Insurance Company of Illinois v. Sentry Insurance A Mutual Company, 461 So.2d 1038 (Fla. 4th DCA 1985). To the extent that those opinions appear to convey that there is but one criterion for granting certiorari  departure from the essential requirements of law  and overlook the further requirement of harm to the petitioner throughout the remainder of the proceeding that cannot be remedied on plenary appeal, I, too, would recede from those opinions.
Finally, there are a number of things about Doerschuck v. Doerschuck, 481 So.2d 1317 (Fla. 4th DCA 1986) and the two last cited cases worth mentioning. First, Doerschuck came here as an appeal from two nonfinal orders, one which denied a motion to dismiss without prejudice and another which granted a motion to intervene. Second, because both orders therein were nonappealable, we considered the matter as a petition for certiorari. Third, there was a citation in the special concurrence at the end of the last sentence thereof which was omitted in the quote by the majority opinion herein; namely, Bowl America Florida, Inc. v. Schmidt, 386 So.2d 1203 (Fla. 5th DCA 1980). Fourth, the special concurrence continued therein with a final paragraph, which is  because of Martin-Johnson, Inc.  very relevant here:
I write solely to point out that all this can be avoided if the trial judge will reconsider her denial of the motion to dismiss, which she can do for good reasons when her orders are not final. See Motorola Communications and Electronics, Inc. v. National Patient Aids, Inc., 427 So.2d 1042, 1042 & n. 1 (Fla. 4th DCA 1983). Counsel in other cases *1007 should not anticipate similar suggestions in every case from this writer; but the tidal wave of litigation described by Judge Irving Kaufman in a speech which we quoted in Cherna v. Cherna, 427 So.2d 395, 396 n. 2 (Fla. 4th DCA 1983), coupled with the obvious and needless error here, compels this expression by concurrence.
Fifth, and perhaps most importantly, unlike the present case and Allstate, no discovery order, properly reviewable by certiorari, was involved in Doerschuck, Canadian Home Insurance Company or Home Insurance Company of Illinois. Each one of those cases involved the denial of a motion to dismiss. The present case and Allstate came here with two considerations simultaneously, the first of which was the discovery order. As previously stated, there is a valid economic reason, judicially speaking, to consider these cases in a different manner  for the benefit of both the parties and the system.
Finally, the discovery order does not conform with a series of recent decisions from this court. See Cotton States Mutual Insurance Company v. Turtle Reef Associates, Inc., 444 So.2d 595 (Fla. 4th DCA 1984), and Selected Risks Insurance Company v. White, 447 So.2d 455 (Fla. 4th DCA 1984). See also Airocar, Inc. v. Goldman, 474 So.2d 269 (Fla. 4th DCA 1985). See the discussion of that case and Turtle Reef vis a vis the conflicting decision in Florida Cypress Gardens, Inc. v. Murphy, 471 So.2d 203 (Fla. 2d DCA 1985), which appears in the August 1985 issue of the Journal of the Academy of Florida Trial Lawyers at 11-12. See also Travelers Insurance Company v. Habelow, 405 So.2d 1361 (Fla. 5th DCA 1981), and Agri-Business, Inc. v. Bridges, 397 So.2d 394 (Fla. 1st DCA 1981).
NOTES
[1] Judge Hurley observed by way of a special concurrence and footnote in Industrial Fire and Casualty Insurance Company v. Romer, 432 So.2d 66 (Fla. 4th DCA 1983):

Although it need not be decided here, it is arguable that with the passage of this legislation, Florida has joined the ranks of those states which impose an implied covenant of good faith and fair dealing in insurance contracts. See, e.g., Gruenberg v. Aetna Insurance Co., 9 Cal.3d 566, 108 Cal. Rptr. 480, 510 P.2d 1032 (1973). If this is so, then proof of a breach of the covenant would permit recovery in tort in first party, as well as third party, insurance claims.
Id. at 69 n. 5.
[2] This en banc opinion was circulating among the judges of this court at the time the supreme court issued its opinion in Martin-Johnson, Inc. v. Savage, which we believe is largely dispositive of the issue before us.