DELL, Judge.
Petitioner seeks review, by petition for writ of certiorari, of orders, denying petitioner’s motion to dismiss Count II of respondent’s crossclaim, requiring petitioner to answer certain interrogatories and an order to produce documents and memoran-da. We deny certiorari review of the order denying petitioner’s motion to dismiss and the order requiring petitioner to answer certain interrogatories. We grant certiora-ri review and quash the order compelling production of documents and memoranda.
In 1984 U.S. Fire Insurance Company (U.S. Fire) filed a complaint for declaratory judgment against petitioner, Hartford Accident & Indemnity Company (Hartford) and respondent, U.S. Concrete Pipe Company (U.S.C.P.). U.S. Fire insured U.S.C.P. U.S. Fire’s complaint sought a declaration that the excess insurance policy it had issued to U.S.C.P. did not provide coverage for a tort claim filed against U.S.C.P., and that to the extent U.S. Fire might be compelled to pay under its excess policy, it would have a cause of action for equitable subrogation against Hartford, the primary liability insurance carrier for U.S.C.P.
*1000 U.S.C.P. responded by filing a two-count counterclaim against U.S. Fire and a two-count crossclaim against Hartford. This petition for writ of certiorari is concerned only with Count II of U.S.C.P.’s crossclaim against Hartford for bad faith and the discovery questions related to this count. U.S.C.P. alleged that Hartford acted in bad faith by refusing to pay U.S.C.P. all sums due under its policy of insurance. Hartford filed a motion to dismiss U.S.C.P.’s crossclaim alleging, among other things, that the crossclaim failed to state a cause of action because an insured has no cause of action to recover punitive damages from its insurer based upon a pleading that alleges nothing more than the insurer “acted in bad faith” by refusing to indemnify or “to pay [the insured] all sums due under its policy of insurance.” Hartford also claimed that the trial court should have dismissed the count because Florida law does not recognize a bad faith cause of action for punitive damages in the context of a first party claim by an insured against its insurer absent proof of an independent tort. The trial court rejected these arguments and denied Hartford’s motion to dismiss.
U.S.C.P. also served Hartford with interrogatories and a request for production. Hartford filed written objections and requested a protective order claiming that the requested discovery invaded its work product and attorney-client privileges because it sought production of correspondence, memoranda, or other documents involving communications between Hartford and its attorneys. The trial court denied Hartford’s objections and ordered it to answer the interrogatories and to produce the documents requested by U.S.C.P. Hartford filed its petition for certiorari and subsequently, the trial court denied Hartford’s request to stay the effect of the discovery order pending review by this court.
A petition for writ of certiorari is the appropriate vehicle for testing the correctness of an order governing discovery. Greyhound Lines, Inc. v. Jackson, 445 So. 2d 1107, 1108 (Fla. 4th DCA 1984); Gadsden County Times, Inc. v. Home, 426 So.2d 1234, 1236 (Fla. 1st DCA), review denied, 441 So.2d 631 (Fla.1983); Malt v. Simmons, 405 So.2d 1018, 1018-19 (Fla. 4th DCA 1981). While certiorari may be used to obtain review of discovery orders, with the exception of the decision in Allstate Insurance Company v. Gibbs, 340 So.2d 1202 (Fla. 4th DCA 1976), cert, dismissed, 354 So.2d 980 (Fla.1977), this court has until recently held the extraordinary writ of certiorari could not be used to obtain review of orders denying motions to dismiss. In Chalfonte Development Corporation v. Beaudoin, 370 So.2d 58 (Fla. 4th DCA 1979), we said:
This case does not warrant the writing of an opinion because the grounds for issuance of the common law writ of cer-tiorari have been discussed in innumerable cases, many of recent vintage. However, in the hope of stemming an ever increasing tide of unfounded petitions for certiorari we state once again that non-final orders not reviewable by interlocutory appeal pursuant to Fla.R.App.P. 9.130 will not be reviewed by petition for common law certiorari unless the order does not conform to the essential requirements of law and to proceed without immediate review may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal is inadequate.
As we said in Siegel v. Abramowitz, [309 So.2d 234 (Fla. 4th DCA 1975) ] infra n. 1, it would no doubt be expeditious for this court to resolve the issue presented at this point in time. However, we have persistently refused to alter the rule in the name of expedition. The appellate rule provides for interlocutory review of certain non-final orders because it is essential that they be reviewed during the pendency of the case in the trial court. Generally, all other appellate review is postponed until the matter is concluded in the trial court for rather obvious reasons.
Id. at 59.
Notwithstanding this court’s decision in Chalfonte Development Corporation, and *1001 without the discovery question presented in Allstate Insurance Company v. Gibbs, we accepted certiorari jurisdiction and quashed orders denying motions to dismiss in Home Insurance Company of Illinois v. Sentry Insurance A Mutual Company, 461 So.2d 1038 (Fla. 4th DCA 1985) and Canadian Home Insurance Company v. Norris, 471 So.2d 217 (Fla. 4th DCA 1985). However, more recently in Doerschuck v. Doerschuck, 481 So.2d 1317 (Fla. 4th DCA 1986), we reverted to the view expressed in Chalfonte and denied a petition for certiorari seeking review of an order denying a motion to dismiss. In his special concurrence in Doerschuck, Judge Glickstein said:
There is no question that a trial judge has no option but to terminate a dissolution action upon the death of one of the parties. Thus, the trial court erred in failing to dismiss the action.
The court may issue a writ of certiora-ri only when there is a departure from the essential requirements of law and no adequate remedy on plenary appeal. In the present case, there was a departure from the essential requirements of law. However, there is a remedy available on plenary appeal, notwithstanding that the parties may be exposed to costly, lengthy and unnecessary litigation. Unfortunately, these reasons are not adequate to justify certiorari review.
Id. at 1317. [Emphasis in original] [Citations omitted]. These decisions highlight the inconsistent position that we have taken when presented with a petition for cer-tiorari review of an order denying a motion to dismiss.
Obviously a compelling urge to take jurisdiction arises when a trial court has erroneously denied a motion to dismiss and has clearly departed from the essential requirements of law. However, this court has a duty to maintain consistency in its decisions and has determined that en banc consideration of this question is mandated. Therefore we address this petition for writ of certiorari en banc to recede from Allstate Insurance Company v. Gibbs, supra, Canadian Home Insurance Company v. Norris, supra, and Home Insurance Company of Illinois v. Sentry Insurance A Mutual Company, supra, to the extent that these opinions granted certiorari review of an order denying a motion to dismiss.
We see no distinction between a direct challenge by certiorari of an order denying a motion to dismiss and one that is brought to us with a discovery question. In either case the parties may incur unnecessary costs of further litigation in the event of a reversal on plenary appeal. While U.S.C. P.’s crossclaim may be inartfully pleaded, a motion for more definite statement may furnish a basis for further defensive pleadings by Hartford concerning the requested discovery. On the other hand, further amendment may establish a claim for bad faith under section 624.155, Florida Statutes (1982).[1] In some cases the issue created by an erroneous interlocutory order may become moot during the course of the trial court proceeding or by the final judgment without intervention by this court. Additional reasons for denial of certiorari jurisdiction can be found in yet another passage from Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975):
Petitioner contends that he will not have a full, adequate and complete remedy after final judgment because he will have gone through a trial under the burden of the order complained of, incur substantial expenses for experts, etc., and because resolution of the issue now on appeal might preclude the necessity of a second trial. To paraphrase petitioner’s argument, it would be expedient for this court to resolve the question now *1002 and save everyone a great deal of time and expense. On its face that is a very compelling argument! However, acceptance of such an argument would surely lead to a further inundation of the appellate courts of this state with petitions for certiorari in cases previously cognizable at law and would thereby create greater detriments than benefits to an already overloaded judicial system. One can hardly envision a case wherein the loser on an interlocutory motion would not feel an immediate determination of the issue would facilitate the handling of the remainder of the case, and save time, effort and expense. For this reason such grounds constitute an insufficient basis for obtaining a writ of certiorari to review an interlocutory order in an action formerly cognizable at law.
Id. at 235.
We do not believe that the decision to take certiorari jurisdiction of a petition for review of a motion to dismiss a bad faith claim should be treated any differently simply because of the nature of the action. If we were to extend the reasoning of Allstate to other cases, then it logically would follow that any petition to review discovery based upon the insufficiency of the allegations of the complaint, would necessarily open the door to review of an order denying a motion to dismiss. Such is not a valid basis for certiorari review nor should it be.
As the supreme court recently stated in Martin-Johnson v. Savage, 509 So.2d 1097 (Fla.1987):
The appellate courts’ liberal use of certiorari in this way has led some litigants to seek certiorari review of the discovery order that generally follows a lower court’s denial of a motion to strike a punitive damages claim. Safeco Ins. Co. of America v. Campbell, 433 So.2d 25 (Fla. 2d DCA 1983); Allstate Ins. Co. v. Gibbs, 340 So.2d 1202 (Fla. 4th DCA 1976), cert, dismissed, 354 So.2d 980 (1977). In this posture, the rationale for reviewing the punitive damages claim is the court’s authority to dispose of all contested issues in a case once it has jurisdiction. See Gibbs, 340 So.2d at 1203 (citing Kennedy v. Kennedy, 303 So.2d 629 (Fla.1974). And in a few cases, appellate courts, although declining to pass on the order denying the motion to strike, have held discovery orders improper because the claim precluded an award of punitive damages. See Jenkins v. Milliken, 498 So.2d 495 (Fla. 2d DCA 1986); Solodky v. Wilson, 474 So. 2d 1231 (Fla. 5th DCA 1985); United States Fire Insurance Co. v. Clearwater Oaks Bank, 421 So.2d 783 (Fla. 2d DCA 1982).
Regardless of the route taken, we cannot agree that certiorari is a proper vehicle for testing denial of a motion to strike a claim for punitive damages. Were we to permit certiorari review of such orders, either directly, as in the case at bar, or in connection with review of a discovery order, we in essence would be creating a new category of non-final orders reviewable on interlocutory appeal. We are unwilling to do so for a number of reasons.
First, we do not believe the harm that may result from discovery of a litigant’s finances is the type of “irreparable harm” contemplated by the standard of review for certiorari. In certiorari proceedings, an order may be quashed only for certain fundamental errors.
Id. at 1099.[2]
Accordingly, we hold that certiorari review will not be given on an order denying a motion to dismiss simply because a petition includes a challenge to discovery based upon insufficient allegations in the complaint or cross-claim, because an adequate remedy exists on plenary appeal.
Petitioner also seeks review of the trial court’s order that compelled answers to certain interrogatories and the production of documents and other memoranda. In the trial court petitioner argued that it should not be required to answer the interrogatories because the cross-claim failed to state a cause of action for punitive dam *1003 ages based on its alleged bad faith. The trial court determined that the cross-claim did state a cause of action, and for the reasons that we have already discussed, we will not review the order denying petitioner’s motion to dismiss Count II of the cross-claim. Our review of the interrogatories and the objections thereto satisfies us that the trial court did not depart from the essential requirements of law when it denied petitioner’s objections to them.
Petitioner asserts three grounds in support of its objections to the request for production: (1) work product, attorney-client privilege; (2) expense and burden of compliance; and (3) invalidity of the punitive damage claim. U.S.C.P. requested the production of the documents identified in the following interrogatory:
(13) Identify
(a) All correspondence prepared or received by Hartford to or from any person or entity relating in any manner to the Bould litigation, Hartford Insurance Company Policy 40 C C17302E with the Hillman Company and USCP, Hartford’s denial of coverage to USCP for any judgment for punitive damages awarded in the Bould litigation, and any other matters relating to the Bould litigation or the failure of Hartford to provide coverage for any claim asserted against USCP in the Bould litigation.
(b) All documents including research, memoranda, or legal opinions, relating in any manner to an analysis of whether the subject Hartford insurance policy provides coverage to USCP for the claims asserted, and damages recovered, in the Bould litigation, including punitive damages.
(c) All documents including notes, memoranda, and correspondence prepared by Hartford or any of its officers, employees, agents, experts, adjusters or attorneys pertaining to the Hartford decision to deny coverage to USCP for any of the claims asserted, or damages recovered, in the Bould litigation.
[Emphasis added].
In Stone v. Travelers Insurance Company, 326 So.2d 241 (Fla. 3d DCA 1976) the district court concluded:
It is clear that in an action for bad faith against an insurance company for failure to settle a claim within policy limits, all materials, including documents, memoranda and letters, contained in the insurance company’s file, up to and including the date of judgment in the original litigation, should be produced. We reach this holding because of the very nature of a bad faith action and the posture of the parties involved.
In defending personal injury litigation, an insurance company participates not only on behalf of itself, but also on behalf of its insured. Since the plaintiff-judgment creditor stands in the same posture as the insured, entitlement to all materials and documents up to and including the date of the judgment, is extended to him.
Memoranda, letters and all other documentation and materials in the file which were prepared between the time of judgment in the original action and institution of the bad faith suit, are subject to production upon a showing of good cause, or pursuant to an order of the court following an in camera inspection, if such inspection is ordered.
Id. at 243.
However, Rule 1.280(b)(2), Florida Rules of Civil Procedure, provides that a party may obtain discovery of documents and tangible things otherwise discoverable under the rule “only upon a showing that the party seeking discovery has need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” U.S.C.P.’s request for production does not contain any of the allegations required by Rule 1.280(b)(2). Therefore, we grant certiorari and quash that part of the order requiring production of documents and other memoranda. See Speer v. Desrosiers, 361 So.2d 722 (Fla. 4th DCA 1978); Scotchel Enterprises, Inc. v. Velez, 455 So.2d 1129 (Fla. 4th DCA 1984); Winn Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1985).
*1004 Petitioner also claims that the trial court departed from the essential requirements of law when it failed to grant its motion for a protective order because of the expense and burden of compliance. We find no basis in this record that would lead us to conclude the trial court departed from the essential requirements of law in failing to grant the protective order based upon the expense and burden of compliance with the request.
Lastly, we think we should make it clear that at this juncture respondent has not made a request for discovery of private financial information. Therefore the holding in Tennant v. Charlton, 377 So.2d 1169 (Fla.1979) and the cases pertaining to the discovery of financial information do not apply to the issues before us. We also note that the trial court, in determining whether good cause has been shown for a protective order, may consider, among other things, whether the bare allegations of a complaint (counterclaim or cross-claim) furnish a sufficient basis for the requested discovery.
Accordingly, we deny certiorari review of the order denying petitioner’s motion to dismiss and the order denying petitioner’s objections to interrogatories. We grant certiorari and quash the order denying petitioner’s objections to the request for production of documents and memoranda.
CERTIORARI DENIED IN PART and CERTIORARI GRANTED IN PART.
HERSEY, C.J., and DOWNEY, ANSTEAD, LETTS, WALDEN, GUNTHER and STONE, JJ., concur.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.

. Judge Hurley observed by way of a special concurrence and footnote in Industrial Fire and Casualty Insurance Company v. Romer, 432 So. 2d 66 (Fla. 4th DCA 1983):
Although it need not be decided here, it is arguable that with the passage of this legislation, Florida has joined the ranks of those states which impose an implied covenant of good faith and fair dealing in insurance contracts. See, e.g., Gruenberg v. Aetna Insurance Co., 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973). If this is so, then proof of a breach of the covenant would permit recovery in tort in first party, as well as third party, insurance claims.
Id. at 69 n. 5.

. This en banc opinion was circulating among the judges of this court at the time the supreme court issued its opinion in Martin-Johnson, Inc. v. Savage, which we believe is largely disposi-tive of the issue before us.